E-FILED
IN COUNTY CLERK'S OFFICE
PIERCE COUNTY, WASHINGTON

October 26 2021 11:46 AM

KEVIN STOCK
COUNTY CLERK
**NO: 21-2-08024-5**

## SUPERIOR COURT OF WASHINGTON FOR PIERCE COUNTY
## CASE COVER SHEET / CIVIL CASE

Case Title KRISTY P.. AND NORWOOD, TIMOTHY P. NORWOOD VS. HPA BORROWER 2

Atty/Litigant Morgan Lake

Address 3703 S EDMUNDS ST # 115

City SEATTLE                                     State WA

Case Number 21-2-08024-5

Bar# 52789     Phone (360) 499-2144

Zip Code 98118

Email

Please check one category that best describes this case for indexing purposes.

*If you cannot determine the appropriate category, Please describe the cause of action below.  This will create a Miscellaneous cause which is not subject to PCLR 3.*

**APPEAL / REVIEW**
___Administrative Law Review (ALR 2) REV 6
___Civil, Non-Traffic (LCA 2) REV 6
___Civil, Traffic (LCI 2) REV 6
___Land Use Petition (LUP 2) LUPA

**CONTRACT / COMMERCIAL**
✔ Breach of Contract, Commercial Non-Contract
  or Commercial-Contract (COM 2) STANDARD
___Third Party Collection (COL 2) REV 4

**JUDGEMENT**
___Judgement, Another County or Abstract
  Only (ABJ 2) Non PCLR
___Transcript of Judgement (TRJ 2) Non PCLR
___Foreign Judgement Civil or Judgement,
  Another State (FJU 2) Non PCLR

**TORT / MOTOR VEHICLE**
___Death, Non-Death Injuries or Property
  Damage Only (TMV 2) STANDARD

**TORT / NON MOTOR VEHICLE**
___Other Malpractice (MAL 2) COMPLEX
___Personal Injury (PIN 2) STANDARD
___Property Damage (PRP 2) STANDARD
___Wrongful Death (WDE 2) STANDARD
___Other Tort, Products Liability or Asbestos
  (TTO 2) COMPLEX

**PROPERTY RIGHTS**
___Condemnation (CON 2) STANDARD
___Foreclosure (FOR 2) REV 4
___Property Fairness (PFA 2) STANDARD
___Quiet Title (QTI 2) STANDARD
___Unlawful Detainer / Eviction (UND 2) REV 4
___Unlawful Detainer / Contested (UND 2) REV 4

**OTHER COMPLAINT OR PETITION**
___Compel/Confirm Bind Arbitration, Deposit of
  Surplus Funds, Interpleader, Subpoenas, Victims'
  Employment Leave, or Wireless Number Disclosure,
  Miscellaneous (MSC 2) REV 4
___Injunction (INJ 2) REV 4
___Malicious Harassment (MHA 2) Non PCLR
___Meretricious Relationship (MER 2) REV 4
___Minor Settlement/No Guardianship (MST2) REV 4
___Pet for Civil Commit/Sex Predator (PCC2) REV 4
___Property Damage Gangs (PRG 2) REV 4
___Relief from Duty to Register (RDR) REV 12
___Restoration of Firearm Rights (RFR 2) REV 4
___Seizure of Property/Comm. of Crime (SPC2) REV 4
___Seizure of Property Result from Crime (SPR2) REV 4
___Trust/Estate Dispute Resolution (TDR2) REV 12
___Restoration of Opportunity (CRP) REV 4

**TORT / MEDICAL MALPRACTICE**
___Hospital, Medical Doctor, or Other Health Care
  Professional (MED2) COMPLEX

**WRIT**
___Habeas Corpus (WHC 2) REV 4
___Mandamus (WRM 2) REV 4
___Review (WRV 2) REV 4
___Miscellaneous Writ (WMW 2) REV 4

**MISCELLANEOUS**_____

E-FILED
IN COUNTY CLERK'S OFFICE
PIERCE COUNTY, WASHINGTON

October 26 2021 11:46 AM

KEVIN STOCK
COUNTY CLERK
NO: 21-2-08024-5

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR PIERCE COUNTY**

| | |
|---|---|
| KRISTY P., AND NORWOOD, TIMOTHY P. NORWOOD | No.  21-2-08024-5 |
| Plaintiff(s) | ORDER SETTING CASE SCHEDULE |
| | Type of case:                             COM |
| Vs. | Estimated Trial (days): |
| | Track Assignment:                    Standard |
| HPA BORROWER 2018-LLC | Assignment Department:            03 |
| Defendant(s) | Docket Code:                            **ORSCS** |

| | |
|---|---|
| Confirmation of Service | 11/23/2021 |
| Confirmation of Joinder of Parties, Claims and Defenses | 2/22/2022 |
| Jury Demand | 3/1/2022 |
| Plaintiff's/Petitioner's Disclosure of Primary Witnesses | 4/19/2022 |
| Defendant's/Respondent's Disclosure of Primary Witnesses | 5/17/2022 |
| Disclosure of Rebuttal Witnesses | 7/5/2022 |
| Deadline for Filing Motion to Adjust Trial Date | 8/2/2022 |
| Discovery Cutoff | 9/6/2022 |
| Exchange of Witness and Exhibit Lists and Documentary Exhibits | 9/20/2022 |
| Joint Statement of Evidence | 9/27/2022 |
| Deadline to file Certificate or Declaration re: Alternative Dispute Resolution | 9/27/2022 |
| Deadline for Hearing Dispositive Pretrial Motions | 9/27/2022 |
| Pretrial Conference | Week of 10/11/2022 |
| Trial | 10/25/2022 9:00 |

### NOTICE TO PLAINTIFF/PETITIONER

If the case has been filed, the plaintiff shall serve a copy of the Case Schedule on the defendant(s) with the summons and complaint/ petition: Provided that in those cases where service is by publication the plaintiff shall serve the Case Schedule within five (5) court days of service of the defendant's first response/appearance. If the case has not been filed, but an initial pleading is served, the Case Schedule shall be served within five (5) court days of filing. See PCLR 3.

### NOTICE TO ALL PARTIES

All attorneys and parties shall make themselves familiar with the Pierce County Local Rules, particularly those relating to case scheduling. Compliance with the scheduling rules is mandatory and failure to comply shall result in sanctions appropriate to the violation. If a statement of arbitrability is filed, PCLR 3 does not apply while the case is in arbitration.

Dated: October 26, 2021

Judge Michael E. Schwartz
Department 03

linxcrt/supAdmin/orscs.rptdesign

E-FILED
IN COUNTY CLERK'S OFFICE
PIERCE COUNTY, WASHINGTON

October 26 2021 11:46 AM

KEVIN STOCK
COUNTY CLERK
NO: 21-2-08024-5

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF PIERCE**

| | |
|---|---|
| KRISTY M. NORWOOD, and TIMOTHY P. NORWOOD, a married couple,<br><br>       Plaintiffs,<br><br>vs.<br><br>HPA BORROWER 2018-LLC, (d/b/a "Home Partners of America"), a foreign limited liability company licensed to do business in the State of Washington; and OPVHHJV LL (d/b/a "Pathlight Property Management of America") a foreign limited liability company licensed to do business in Washington State,<br><br>       Defendants. | CASE NO. _____<br><br><br><br>CIVIL SUMMONS (20 Days) |

TO:    **CLERK OF THE ABOVE-LISTED COURT;**
**AND TO:**  **DEFENDANT, HPA BORROWER 2018-LLC;**
**AND TO:**  **DEFENDANT, OPVHHJV LL**

  **TO THE DEFENDANTS:** A lawsuit has been started against you in the above entitled court by Plaintiffs, KRISTY M. NORWOOD, and TIMOTHY P. NORWOOD, by and through their attorney, Morgan L. Lake of Lake Law, PLLC. Plaintiffs' claims are stated in the written complaint, a copy of which is served upon you with this summons.

CIVIL SUMMONS (20 Days)

Kristy M. Norwood, and Timothy P. Norwood, a married couple, vs. HPA BORROWER 2018-LLC (d/b/a "Home Partners of America"); and OPVHHJV LL (d/b/a "Pathlight Property Management of America")

**LAKE LAW, PLLC**
Morgan L. Lake | WSBA 52789
3703 S. Edmunds St. #115,
SEATTLE, WA. 98118
PH: (360) 499-2144
**morgan@morganlakelaw.com**

In order to defend against this lawsuit, you must respond to the complaint by stating your defense in writing, and by serving a copy upon the person signing this summons within 20 days after the service of this summons, excluding the day of service, or a default judgment may be entered against you without notice. A default judgment is one where plaintiff is entitled to what he asks for because you have not responded. If you serve a notice of appearance on the undersigned person, you are entitled to notice before a default judgment may be entered.

You may demand that the plaintiff file this lawsuit with the court. If you do so, the demand must be in writing and must be served upon the person signing this summons. Within 14 days after you serve the demand, the plaintiff must file this lawsuit with the court, or the service on you of this summons and complaint will be void.

If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time. This summons is issued pursuant to rule 4 of the Superior Court Civil Rules of the State of Washington.

DATED this October 25th, 2021.

By:

/s/ Morgan L. Lake
Morgan L. Lake, WSBA #52789
Attorney for the Plaintiffs

**NOTICE:** State and federal law provide protections to defendants who are on active duty in the military service, and to their dependents. Dependents of a service member or the service member's spouse, the service member's minor child, or an individual for whom the service member provided more than on-half of the individual's support for one hundred eighty days immediately preceding an application for relief.

One protection provided is the protection against the entry of a default judgment in certain circumstances. **This notice only pertains to a defendant who is a dependent of a member of the national guard or a military reserve component under a call to active service for a period of time of more than thirty consecutive days.** Other defendants in military service also have protections against default judgments not covered by this notice. If you are the dependent of a member of the national guard or a military reserve component under a call to active service for a period of more than thirty consecutive days, you should notify the plaintiff or the plaintiff's attorneys in writing of your status as such within twenty days of the receipt of this notice. If you fail to do so, then a court or an administrative tribunal may presume that you are not a dependent of an active duty member of the national guard or reserves, and proceed with the entry of an order of default and/or a default judgment without further proof of your status. Your response to the plaintiff or plaintiff's attorney(s) about your status does not constitute an appearance for jurisdictional purposes in any pending litigation nor a waiver of your rights.

**CIVIL SUMMONS (20 Days)**

Kristy M. Norwood, and Timothy P. Norwood, a
married couple, vs. HPA BORROWER 2018-LLC
(d/b/a "Home Partners of America"); and OPVHHJV LL (d/b/a
"Pathlight Property Management of America")

**LAKE LAW, PLLC**
Morgan L. Lake | WSBA 52789
3703 S. Edmunds St. #115,
SEATTLE, WA. 98118
PH: (360) 499-2144
**morgan@morganlakelaw.com**

EXHIBIT "A" TO NOTICE OF REMOVAL, Page 4 of 120

E-FILED
IN COUNTY CLERK'S OFFICE
PIERCE COUNTY, WASHINGTON

October 26 2021 11:46 AM

KEVIN STOCK
COUNTY CLERK
**NO: 21-2-08024-5**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF PIERCE**

| | |
|---|---|
| KRISTY M. NORWOOD, and TIMOTHY P. NORWOOD, a married couple,<br><br>Plaintiffs,<br><br>vs.<br><br>HPA BORROWER 2018-LLC, (d/b/a "Home Partners of America"), a foreign limited liability company licensed to do business in the State of Washington; and OPVHHJV LL (d/b/a "Pathlight Property Management of America") a foreign limited liability company licensed to do business in Washington State,<br><br>Defendants. | CASE NO. _____<br><br><br><br><br><br>CIVIL COMPLAINT FOR DAMAGES |

     **COMES NOW** Plaintiffs, KRISTY M. NORWOOD and TIM P. NORWOOD, by and

through their attorney, Morgan L. Lake of Lake Law, PLLC, and bring this action against HPA

BORROWER 2018-LLC, (d/b/a "Home Partners of America"), and OPVHHJV LL (d/b/a

"Pathlight Property Management of America") (collectively, "the Parties") alleging as follows:

CIVIL COMPLAINT FOR DAMAGES

Kristy M. Norwood, and Timothy P. Norwood,
a married couple, vs. HPA BORROWER 2018-LLC,
(d/b/a "Home Partners of America"); and OPVHHJV LL
(d/b/a "Pathlight Property Management of America")
- 1

**LAKE LAW, PLLC**
Morgan L Lake | WSBA 52789
3703 S. Edmunds St. #115
SEATTLE, WA. 98118
PH: (360) 499-2144
morgan@morganlakelaw.com

# I.  PARTIES

**Plaintiffs, Kristy M. Norwood, and Tim P. Norwood:**

1.1    Plaintiffs, Kristy M. Norwood, and Timothy N. Norwood (hereinafter "the Plaintiffs" or "the Norwoods") are natural persons and residents of Washington State.

1.2    The Norwoods are individually and collectively a "person" as defined by RCW 59.18.030(21), and "tenant[s]" as defined by RCW 59.18.030(34).

**Defendant, HPA BORROWWER 2018-LLC:**

1.3    Defendant, HPA BORROWER 2018-LLC (d/b/a "Home Partners of America") (hereinafter "Defendant HPA") is a foreign limited liability company headquartered at 120 S RIVERSIDE PLZ, SUITE 2000, CHICAGO, IL, 60606-3913, duly licensed to do business as a residential real estate company that buys, sells and leases properties in Washington State under UBI: 603-331-490.

1.4    Defendant HPA is therefore a "landlord" as defined by RCW 59.18.030(16), and a "person" as defined by RCW 59.18.030(21), and a "property owner" as defined by the Pierce County Code ("PCC"). PCC 13.04.010.

**Defendant, OPVHHJV LL (d/b/a "Pathlight Property Management"):**

1.5    Defendant OPVHHJV LL (d/b/a "Pathlight Property Management of America") (Hereinafter "Defendant Pathlight") is a Foreign Limited Liability Company incorporated at 6500 International Pkwy STE 1100, Plano, TX 75093-8363, duly licensed to do business in the area of real estate in Washington State under UBI: 603-436-181.

1.6    Defendant Pathlight is therefore a "landlord" as defined by RCW 59.18.030(16), a "person" as defined by RCW 59.18.030(21), and a "property owner" as defined by PCC 13.04.010.

CIVIL COMPLAINT FOR DAMAGES

Kristy M. Norwood, and Timothy P. Norwood,
a married couple, vs. HPA BORROWER 2018-LLC,
(d/b/a "Home Partners of America"); and OPVHHJV LL
(d/b/a "Pathlight Property Management of America")
 - 2

**LAKE LAW, PLLC**
Morgan L Lake | WSBA 52789
3703 S. Edmunds St. #115
SEATTLE, WA. 98118
PH: (360) 499-2144
morgan@morganlakelaw.com

## II.   JURISDICTION AND VENUE

2.1     Personal jurisdiction is proper in Pierce County, Washington because the Plaintiffs resided in Pierce County, Washington State at all relevant times the events described throughout this Complaint occurred; Defendants conduct business within Pierce County, Washington; the Property Lease Agreement between the Parties was executed in Pierce County, Washington; and each of the breaches and other wrongful acts alleged herein took place in Pierce County, Washington. RCW 2.08.010.

2.2     Venue is proper in Pierce County Superior Court for this action pursuant to RCW 4.12.010 as all of the events alleged herein occurred in Pierce County, Washington. RCW 4.12.010.

## III.   RELEVANT FACTS

3.1     On February 20th, 2019, the Norwoods entered into a one-year lease agreement with Defendant HPA for a residence located at 711 Le-Lou-WA Pl NE, Tacoma, WA. 98422, with the Norwood's rent payments set at $2,395.00 per month.

3.2     On November 21, 2019, the Norwoods notified Defendant HPA, by and through Pathlight, that their property's ceiling was leaking. *Exhibit A.*

3.3     On February 1st, 2020, the Norwoods notified the Defendants that "the ceiling in the room adjacent to the kitchen was getting moldy [due] to the roof leaking [and] needed to be fixed ASAP!" *Exhibit B.*

3.4     On February 6th, 2020, the Norwoods notified the Defendants that there "[was] and active leak in the house." *Exhibit C.*

3.5     On February 20, 2020, the Norwoods notified the Defendants that the "ceiling in the room [adjacent] to the kitchen [was] still in need of repair." *Exhibit D.*

CIVIL COMPLAINT FOR DAMAGES

Kristy M. Norwood, and Timothy P. Norwood,
a married couple, vs. HPA BORROWER 2018-LLC,
(d/b/a "Home Partners of America"); and OPVHHJV LL
(d/b/a "Pathlight Property Management of America")
- 3

**LAKE LAW, PLLC**
Morgan L Lake | WSBA 52789
3703 S. Edmunds St. #115
SEATTLE, WA. 98118
PH: (360) 499-2144
morgan@morganlakelaw.com

3.6     On June 25th, 2020, the Norwoods notified the Defendants, that damage to their ceiling and insulation required repair. *Exhibit E.*

3.7     On July 22nd, 2020, the Norwoods again notified the Defendants, that damage to the ceiling and insulation required repair. *Exhibit F.*

3.8     On or about September 1st, 2020, Kristy Norwood began to suffer from open sores on her scalp, extreme anxiety, and impaired breathing as a result of being exposed to the substandard and dangerous living conditions described herein.

3.9     On September 28th, 2020, the Norwoods notified the Defendants that "all sinks, tubs, showers and toilets were backed up." *Exhibit G.*

3.10    On September 15th, 2020, the Norwoods again notified the Defendants that "all sinks, tubs, showers and toilets were backed up." *Exhibit H.*

3.11    On October 15th, 2020, the Norwoods notified the Defendants for a third time that "all sinks, tubs, showers and toilets were backed up." *Exhibit I.*

3.12    On October 22nd, 2020, the Norwoods notified the Defendants for a fourth time that damage to the ceiling and insulation required repair." *Exhibit J.*

3.13    On October 21st, 2020, Defendant Pathlight contacted Harts Services ("Harts"), a local residential plumbing and sewer pipe expert, and directed Harts to inspect the plumbing for the property at issue. Harts determined all waste lines from the property's side sewer needed immediate replacement. During the inspection of the pipeline, Harts discovered the main sewer pipe for the property at issue had been completely broken in two, which allowed for open sewage to escape the pipeline and run directly underneath the Norwoods' home. Harts also identified numerous rotted and cracked pipes throughout the underside of the home that required immediate repair due to sewage leaking. The estimate to complete the necessary work was $30,559.73.  Neither Defendant HPA, nor Defendant Pathlight took any action thereafter to

CIVIL COMPLAINT FOR DAMAGES

Kristy M. Norwood, and Timothy P. Norwood,
a married couple, vs. HPA BORROWER 2018-LLC,
(d/b/a "Home Partners of America"); and OPVHHJV LL
(d/b/a "Pathlight Property Management of America")
- 4

**LAKE LAW, PLLC**
Morgan L Lake | WSBA 52789
3703 S. Edmunds St. #115
SEATTLE, WA. 98118
PH: (360) 499-2144
morgan@morganlakelaw.com

address the health and safety concerns related to broken pipeline or open sewage running underneath premises at issue. *Exhibit K.*

 3.14 On October 22nd, 2020, the Norwoods notified the Defendants for a fourth time that "[they] were still having issues with all bathroom[s], and that "[s]howers, tubs, washer, and the toilets [were] still backing up." *Exhibit L.*

 3.15 On October 30, 2020, the Norwoods notified the Defendants for a fifth time that [they] were still having issues with all bathroom[s], showers, tubs, and [also] that the toilets in the residence at issue were still backing up." *Exhibit M.*

 3.16 On October 30th, 2020, the Norwoods notified the Defendants that there were "rats under the house." *Exhibit N.*

 3.17 On November 17th, 2020, the Norwoods paid for a certified mold inspector to assess their home due to Defendant HPA's and Defendant Pathlight's failure to address notices related to leaks throughout the premises and growing concerns over Kristy Norwood's respiratory issues. The inspection produced "Mold Scores" of "HIGH" in the Kitchen/Dining Area, the NE Crawlspace, and the Garage Bedroom.

 3.18 On or about December 1, 2020, and as a direct result of Defendant HPA's failure to remedy the substandard living conditions and subsequent health concerns, the Norwoods were forced to vacate the premises at issue and search for a new residence at the height of the global SARS-CoV-2 pandemic (aka "COVID-19").

 3.19 On or about December 1st, 2020, and at the height of the global COVID-19 pandemic, the Norwoods paid a household moving services company $2,600.00 to pack and store their belongings and an additional $350.00 for a U-Haul truck and other supplies. *Exhibit O.*

## IV.  <u>CAUSES OF ACTION</u>

### A. BREACH OF IMPLIED WARRANTY OF HABITABILITY (RCW 59.18.060)

CIVIL COMPLAINT FOR DAMAGES

Kristy M. Norwood, and Timothy P. Norwood,
a married couple, vs. HPA BORROWER 2018-LLC,
(d/b/a "Home Partners of America"); and OPVHHJV LL
(d/b/a "Pathlight Property Management of America")
- 5

**LAKE LAW, PLLC**
Morgan L Lake | WSBA 52789
3703 S. Edmunds St. #115
SEATTLE, WA. 98118
PH: (360) 499-2144
morgan@morganlakelaw.com

EXHIBIT "A" TO NOTICE OF REMOVAL, Page 9 of 120

4.1     The Norwoods incorporate by reference the allegations set forth in each of the paragraphs of this pleading as though fully stated herein.

4.2     Washington State's Legislature "enacted the Residential Landlord-Tenant Act, Chapter 59.18 RCW, to govern the rights, responsibilities, and remedies of residential landlords and tenants." Faciszewski v. Brown, 187 Wn.2d 308, 314, 386 P.3d 711 (2016).

4.3     Washington State's Courts have made clear the RLTA "is a remedial statute that must be "construed liberally in order to accomplish the purpose for which it is enacted." State v. Douty, 92 Wn.2d 930, 936, 603 P.2d 373 (1979); cf. Randy Reynolds & Assocs. v. Harmon, 193 Wn.2d 143, 156, 437 P.3d 677 (2019) (Chapter 59.18 RCW is a "statute[] in derogation of the common law and thus [is] strictly construed in favor of the tenant.").

4.4     Under the RLTA, "all contracts for the renting of premises, oral or written, [have] an implied warranty of habitability." Foisy v. Wyman, 83 Wash.2d at 28, 515 P.2d 160. (1973).

4.5     This implied warranty of habitability requires landlords like Defendant HPA and Defendant Pathlight to "keep the premises fit for human habitation" and to "maintain certain specified items and areas." RCW 59.18.060.

4.6     To be fit for human habitation, landlords like Defendant HPA and Defendant Pathlight "must maintain the structural components [of the rental property] including, but not limited to, the roofs, floors, walls, foundations, and all other structural components, in reasonably good repair so as to be usable." RCW 59.18.060(2).

4.7     Landlords like Defendant HPA and Defendant Pathlight violate the implied warranty of habitability when they fail to keep a property fit for human habitation by failing to maintain "a reasonable program for the control of infestation by insects, rodents, and other pests at the initiation of the tenancy." RCW 59.18.060(4).

CIVIL COMPLAINT FOR DAMAGES

Kristy M. Norwood, and Timothy P. Norwood,
a married couple, vs. HPA BORROWER 2018-LLC,
(d/b/a "Home Partners of America"); and OPVHHJV LL
(d/b/a "Pathlight Property Management of America")
- 6

**LAKE LAW, PLLC**
Morgan L Lake | WSBA 52789
3703 S. Edmunds St. #115
SEATTLE, WA. 98118
PH: (360) 499-2144
morgan@morganlakelaw.com

4.8     Landlords like Defendant HPA and Defendant Pathlight also violate the implied warranty of habitability when they fail to make repairs and arrangements necessary to put and keep premises [like the Norwood's] in as good condition as [premises] by law or rental agreement *should have been,* at the commencement of the tenancy.  RCW 59.18.060(5).

4.9     Landlords like Defendant HPA and Defendant Pathlight further violate the implied warranty of habitability when they fail to maintain all plumbing in a reasonably good working order. RCW 59.18.060(8).

4.10    Here, Defendant HPA and Defendant Pathlight violated the RLTA by failing to maintain the Norwood's roofs, floors, walls, foundations, and all other structural components, in reasonably good repair so as to be usable. RCW 59.18.060(2).

4.11    Defendant HPA and Defendant Pathlight violated the RLTA by not having a reasonable program for the control of infestation by insects, rodents, and other pests at the initiation of the tenancy. RCW 59.18.060(4).

4.12    Defendant HPA and Defendant Pathlight violated the RLTA by failing to make repairs and arrangements necessary to put and keep the premises at issue in as good condition as it by law or rental agreement *should have been,* at the commencement of the Norwood's tenancy. RCW 59.18.060(5).

4.13    Defendant HPA and Defendant Pathlight violated the RLTA by failing to maintain all plumbing within the premises at issue in reasonably good working order. RCW 59.18.060(8).

4.14    As a direct or proximate cause of Defendant HPA's and Defendant Pathlight's failures to fulfill obligations imposed by RCW 59.18.060, the Norwoods have suffered injury.

4.15    Defendant HPA and Defendant Pathlight are therefore jointly and severally liable to the Norwoods for the Norwood's actual damages, which include but are not limited to costs

CIVIL COMPLAINT FOR DAMAGES

Kristy M. Norwood, and Timothy P. Norwood,
a married couple, vs. HPA BORROWER 2018-LLC,
(d/b/a "Home Partners of America"); and OPVHHJV LL
(d/b/a "Pathlight Property Management of America")
- 7

**LAKE LAW, PLLC**
Morgan L Lake | WSBA 52789
3703 S. Edmunds St. #115
SEATTLE, WA. 98118
PH: (360) 499-2144
morgan@morganlakelaw.com

associated with bringing this suit and reasonable attorneys' fees, in addition to such other relief

as may be just and equitable. RCW 59.18 *et seq.*

**SECOND CAUSE OF ACTION: BREACH OF CONTRACT FOR LANDLORD'S FAILURE TO CARRY OUT DUTIES (RCW 59.18.070)**

5.1     The Norwoods incorporate by reference the allegations set forth in each of the

preceding paragraphs of this pleading as though fully stated herein.

5.2     If at any time during a tenancy like the one applicable to this suit, a landlord like

Defendant HPA or Defendant Pathlight receives notice a tenant like the Norwoods, the landlord:

> …shall commence remedial action after receipt of such notice by the tenant as soon as possible but not later than the following time periods, except where circumstances are beyond the landlord's control:
>
> (1) Not more than twenty-four hours, where the defective condition deprives the tenant of hot or cold water, heat, or electricity, or is imminently hazardous to life;
> (2) Not more than seventy-two hours, where the defective condition deprives the tenant of the use of a refrigerator, range and oven, or a major plumbing fixture supplied by the landlord; and
> (3) Not more than ten days in all others.

RCW 59.18.070.

5.3     When landlords like Defendant HPA and Defendant Pathlight fail to commence

remedial action of defective conditions like those repeatedly presented to Defendants by the

Norwoods during the applicable periods of time set forth in RCW 59.18.070:

> the tenant may contract with a licensed or registered person, or with a responsible person capable of performing the repair ... . Upon the completion of the repair and an opportunity for inspection by the landlord or his or her designated agent, the tenant may deduct the cost of repair from the rent in an amount not to exceed the sum expressed in dollars representing two month's rental of the tenant's unit per repair.

RCW 59.18.070(2).

CIVIL COMPLAINT FOR DAMAGES

Kristy M. Norwood, and Timothy P. Norwood,
a married couple, vs. HPA BORROWER 2018-LLC,
(d/b/a "Home Partners of America"); and OPVHHJV LL
(d/b/a "Pathlight Property Management of America")
- 8

**LAKE LAW, PLLC**
Morgan L Lake | WSBA 52789
3703 S. Edmunds St. #115
SEATTLE, WA. 98118
PH: (360) 499-2144
morgan@morganlakelaw.com

5.4     In the present case, the Norwoods provided Defendant HPA and Defendant Pathlight several months of written notices describing the defective conditions described herein, and the notices were received by the Defendants.

5.5     Defendants failed to come event remotely close to fulfilling their obligations under RCW 59.18.060 within the time periods established under RCW 59.18.070, which substantially endangered or impaired the health or safety of a the Norwoods at the height of the COVID-19 pandemic. Indeed, the Norwoods were forced to live in a home exposed to risk of illness or injury from leaking roofs, mold protruding from their ceilings, and raw sewage in the form of human waste that was draining and accumulating directly underneath the Norwoods' living room floor that led to a rat infestation under the premises. 59.18.060; RCW 59.18.070.

5.6     As a direct or proximate cause of Defendants' failures to carry out statutorily imposed duties in a reasonable period of time, the Norwoods were forced to pay for a mold inspection from a certified inspector that confirmed their fears.

5.7     Defendant HPA and Defendant Pathlight are therefore jointly and severally liable to the Norwoods for Plaintiffs' actual damages, including "any actual damages sustained by the Norwoods that exceed the amount of relocation assistance that would otherwise payable, in addition to costs associated with bringing this suit and reasonable attorneys' fees, and such other relief as may be just and equitable. RCW 59.18.290(2); RCW 59.18.085(3)(e).

**C. THIRD CAUSE OF ACTION: SUBSTANDARD AND UNREASONABLE LIVING CONDITIONS (RCW 59.18.115)**

6.1     The Norwoods incorporate by reference the allegations set forth in each of the paragraphs of this pleading as though fully stated herein.

6.2     Under the RLTA, if a court determines that:

> (b) A reasonable time has passed for the landlord to remedy the defective condition following notice to the landlord in accordance with RCW 59.18.070 or such other time as may be allotted by the court or arbitrator; the court or arbitrator

CIVIL COMPLAINT FOR DAMAGES

Kristy M. Norwood, and Timothy P. Norwood,
a married couple, vs. HPA BORROWER 2018-LLC,
(d/b/a "Home Partners of America"); and OPVHHJV LL
(d/b/a "Pathlight Property Management of America")
 - 9

**LAKE LAW, PLLC**
Morgan L Lake | WSBA 52789
3703 S. Edmunds St. #115
SEATTLE, WA. 98118
PH: (360) 499-2144
morgan@morganlakelaw.com

1   2   3   4   5   6   7   8   9   10   11   12   13   14   15   16   17   18   19   20   21   22

may determine the diminution in rental value of the premises due to the defective condition and shall render judgment against the landlord for the rent paid in excess of such diminished rental value from the time of notice of such defect to the time of decision and any costs of repair done pursuant to RCW 59.18.100 for which no deduction has been previously made.

RCW 59.18.100(b).

6.3    Further, Washington State's Legislature has declared, in relevant part:

[T]hat some tenants live in residences that are substandard and dangerous to their health and safety and that the repair and deduct remedies of RCW 59.18.100 may not be adequate to remedy substandard and dangerous conditions. [In such instances], an extraordinary remedy is necessary if the conditions substantially endanger or impair the health and safety of the tenant.

RCW 59.18.100(1).

6.4    The conditions described throughout this Complaint are substandard and dangerous within the meaning of RCW 59.18.115. RCW 59.18.115(2)(a).

6.5    The Norwoods provided the Defendants with repeated notices over the course of nearly ten ("10") months regarding the defects and substandard and dangerous living conditions described herein, but neither Defendant HPA, nor Defendant Pathlight practiced reasonable care to fulfill their duties as imposed by RCW 59.18.060 the conditions within a reasonable time.

6.6    The Defendants' failure to repair the substandard and dangerous living conditions pursuant to statutorily imposed obligations set forth in RCW 59.18.060 within the timeframes set forth in RCW 59.18.070 left the Norwoods unable to consistently utilize each of the 3 bathrooms in the subject property, which prevented the Norwoods from being able to shower or flush toilets without human waste backing up from September 1st, 2019 – November 30th, 2020.

6.7    The Defendants' consistent failure to practice reasonable care to remedy the substandard and dangerous living conditions pursuant to statutorily imposed duties outlined in RCW 59.18.060 within the time frames outlined in RCW 59.18.070 left the Norwoods unable to access their kitchen or laundry room consistently because due to the smell of human waste emanating from the bathroom directly adjacent to the kitchen, in addition to fumes and smell

CIVIL COMPLAINT FOR DAMAGES

Kristy M. Norwood, and Timothy P. Norwood,
a married couple, vs. HPA BORROWER 2018-LLC,
(d/b/a "Home Partners of America"); and OPVHHJV LL
(d/b/a "Pathlight Property Management of America")
 - 10

**LAKE LAW, PLLC**
Morgan L Lake | WSBA 52789
3703 S. Edmunds St. #115
SEATTLE, WA. 98118
PH: (360) 499-2144
morgan@morganlakelaw.com

EXHIBIT "A" TO NOTICE OF REMOVAL, Page 14 of 120

from human waste that was draining directly under the subject premises from September 1st, 2019 – November 30th, 2020.

      6.8    The Defendants' failures to repair the substandard and dangerous living conditions as required by RCW 59.18.060 in a reasonable period of time as outlined by RCW 59.18.070, left the Norwoods unable to consistently access or utilize their living room due to the smell of backed up human waste that was draining directly underneath their living room floor, and fumes from mold that was visibly protruding throughout their living room ceiling.

      6.9    Defendant HPA and Defendant Pathlight are therefore jointly and severally liable to the Norwoods for the diminution in rental value of the premises due to defective conditions described herein and shall for the rent paid in excess of such diminished rental value from the time of the Norwoods initial notice to Defendants of such defect to the time the Norwoods were forced to vacate the premises. RCW 59.18.100. 59.18.100(b).

      6.10    Defendant HPA and Defendant Pathlight are also therefore jointly and severally liable to the Norwoods for the Norwood's actual damages, including "any actual damages sustained by [the Norwoods] that exceed the amount of relocation assistance otherwise payable. RCW 59.18.290; RCW 59.18.085(3)(e).

      6.11    Defendants are further jointly and severally liable to the Norwoods for costs of bringing this suit and reasonable attorney's fees, in addition to extraordinary damages in an amount to be proven at trial. RCW 59.18.290(1); RCW 59.18.115(1).

**D.  FOURTH CAUSE OF ACTION: NEGLIGENCE *PER SE* (RCW 5.40.050)**

      7.1    The Norwoods incorporate by reference the allegations set forth in each of the paragraphs of this pleading as though fully stated herein.

CIVIL COMPLAINT FOR DAMAGES

Kristy M. Norwood, and Timothy P. Norwood,
a married couple, vs. HPA BORROWER 2018-LLC,
(d/b/a "Home Partners of America"); and OPVHHJV LL
(d/b/a "Pathlight Property Management of America")
- 11

**LAKE LAW, PLLC**
Morgan L Lake | WSBA 52789
3703 S. Edmunds St. #115
SEATTLE, WA. 98118
PH: (360) 499-2144
morgan@morganlakelaw.com

7.2     To prevail in a negligence claim, plaintiffs like the Norwoods must show (1) the existence of a duty, (2) breach of that duty, (3) resulting injury, and (4) proximate cause. RCW 5.40.050.

7.3     Defendant HPA's and Defendant Pathlight's duties as landlords are substantial and set forth in the RLTA. RCW 59.18 *et seq.*

7.4     Defendants breached their duties when they consistently failed to exercise ordinary care in repairing the myriad of defects and substandard and dangerous conditions found at the premises at issue within a reasonable period after the Norwoods provided the Defendants notice of such defects and conditions. RCW 5.40.050; RCW 59.18.060; RCW 59.18.070.

7.5     As a direct or proximate result of Defendants' failures to exercise reasonable care in fulfilling their statutorily imposed duties under RCW 59.18.060 within the time frames set forth in RCW 59.18.070, the Norwoods suffered injury. The Norwoods spent $2,950.00 on relocation fees, additional funds to obtain a certified mold inspection, and exhausted time, energy and more funds to investigate the claims which give rise to this suit.

7.6     Additionally, Kristy Norwood ("Mrs. Norwood") experienced symptoms as a result of the living conditions described herein that manifested as open sores on her scalp, extreme anxiety, and impaired breathing. Mrs. Norwood was forced to seek out aid from certified medical care specialists who created treatment plans to help Mrs. Norwood cope with the symptoms that manifested as a result of living in the conditions described herein. Acting on medical providers' orders, Mrs. Norwood was even forced to shave her head to allow the sores to heal over a 4-month period. Mrs. Norwood was also prescribed medication to address anxiety, in addition to inhalers for impaired breathing. Mrs. Norwood continues to receive medical care treatment from certified medical care specialists for symptoms that manifested as a result of having to live in the dangerous and substandard conditions outlined throughout this Complaint.

CIVIL COMPLAINT FOR DAMAGES

Kristy M. Norwood, and Timothy P. Norwood,
a married couple, vs. HPA BORROWER 2018-LLC,
(d/b/a "Home Partners of America"); and OPVHHJV LL
(d/b/a "Pathlight Property Management of America")
 **- 12**

**LAKE LAW, PLLC**
Morgan L Lake | WSBA 52789
3703 S. Edmunds St. #115
SEATTLE, WA. 98118
PH: (360) 499-2144
morgan@morganlakelaw.com

7.7    As a direct or proximate cause of Defendants' failures to fulfill their obligations as set forth in the RCW 59.18.060 within the time periods set forth in RCW 59.18.070, the Norwoods have suffered financial injury from moving expenses that exceed the statutory cap on relocation assistance.

7.8    Defendants were therefore negligent *per se* and are jointly and severally liable to the Norwoods for actual damages, for costs of bringing this suit and attorney's fees, in addition to other such relief the Court may deem proper. RCW 59.18.290; RCW 4.84.030.

### FIFTH CAUSE OF ACTION: CONSTRUCTIVE EVICTION FOR VIOLATION OF THE COVENANT OF QUIET ENJOYMENT

8.1    The Norwoods incorporate by reference the allegations set forth in each of the paragraphs of this pleading as though fully stated herein.

8.2    Constructive eviction occurs when a landlord like the Defendants "intentionally or injuriously interferes with a tenancy, either by depriving the tenant of beneficial enjoyment of the leased property or materially impairing the tenant's enjoyment." Old City Hall LLC v. Pierce County AIDS Found., 181 Wn. App. 1, 8, 329 P.3d 83 (2014).

8.3    Plaintiffs who present facts sufficient to demonstrate the property like the one at issue was untenable can successfully show they were constrictively evicted. 5 Thompson on Real Property, Second Thomas Edition § 41.03(c)(3), at 153-54 (David A. Thomas & N. Gregory Smith eds., 2007). "Premises are 'untenantable' if it is impossible or infeasible for the tenant to use them." 17 William B. Stoebuck & John W. Weaver, Washington Practice: Real Estate: Property Law § 6.32, at 352 (2d ed. 2004).[1]

---

[1] Leased premises are deemed "untenantable" for the purposes of constructive eviction under the quiet enjoyment covenant when "the premises are unfit for the purpose for which they are leased." 5 THOMPSON ON REAL PROPERTY § 40.22(c)(3)(i), at 144 (David A. Thomas ed., 1994). If the premises are "uninhabitable," they are certainly "untenantable." Tucker v. Hayford, 118 Wn. App. 246, 255, 75 P.3d 980 (2003).

CIVIL COMPLAINT FOR DAMAGES

Kristy M. Norwood, and Timothy P. Norwood,
a married couple, vs. HPA BORROWER 2018-LLC,
(d/b/a "Home Partners of America"); and OPVHHJV LL
(d/b/a "Pathlight Property Management of America")
**- 13**

**LAKE LAW, PLLC**
Morgan L Lake | WSBA 52789
3703 S. Edmunds St. #115
SEATTLE, WA. 98118
PH: (360) 499-2144
morgan@morganlakelaw.com

8.4     Under RCW 59.18.085, displaced tenants shall:

> "… be entitled to recover any relocation assistance, prepaid deposits, and prepaid rent required by (b) of this subsection. In addition, displaced tenants shall be entitled to recover any actual damages sustained by them as a result of the condemnation, eviction, or displacement *that exceed the amount of relocation assistance that is payable*. In any action brought by displaced tenants to recover any payments or damages required or authorized by this subsection (3)(e) or (c) of this subsection that are not paid by the landlord or advanced by the city, town, county, or municipal corporation, the displaced tenants shall also be entitled to recover their costs of suit or arbitration and reasonable attorneys' fees.

RCW 59.18.085.

8.5     Washington State's legislature has granted authority to the governing body of each county to amend the state building code as it applies within the jurisdiction of the county or city. RCW 19.27.040.

8.6     Pierce County's Sewer Standards are promulgated by the Pierce County Public Works & Utilities Department's Sewer Utility Division and found within Chapter 13 of the Pierce County Code ("PCC"), which states landlords like Defendant HPA and Defendant Pathlight "*shall* be responsible for meeting and maintaining minimum standards for buildings" like the premises at issue." PCC 13.06.030.

8.7     In Pierce County, it is unlawful or any person like Defendant HPA or Defendant Pathlight to "permit any human excrement …[to] be discharged into or be placed where they might find their way into … any part of the public sewer system." PCC 13.04.035.

8.8     The substandard and dangerous conditions sewer pipeline and human waste related conditions described throughout this Complaint were known by the Defendants because the Norwoods provided the Defendants with notice on multiple occasions spanning a ten ("10") month period.

8.9     The Defendants consistently failed to practice reasonable care in carrying out duties imposed upon them by RCW 59.18.060 within the time frames imposed by RCW

CIVIL COMPLAINT FOR DAMAGES

Kristy M. Norwood, and Timothy P. Norwood,
a married couple, vs. HPA BORROWER 2018-LLC,
(d/b/a "Home Partners of America"); and OPVHHJV LL
(d/b/a "Pathlight Property Management of America")
**- 14**

**LAKE LAW, PLLC**
Morgan L Lake | WSBA 52789
3703 S. Edmunds St. #115
SEATTLE, WA. 98118
PH: (360) 499-2144
morgan@morganlakelaw.com

59.18.070. The defects conditions within premises at issue made it impossible or infeasible for the Norwoods to consistently utilize essential portions of their home, including all three of their bathrooms. Throughout the duration of their tenancy, the Norwoods were exposed to human feces and unable to address the most basic of hygiene and self-care related needs. Defendants' failures to fulfill their statutorily imposed duties imposed under RCW 59.18.060 within the time periods set forth under RCW 59.18.070 made the premises untenantable, which deprived the Norwoods of beneficial enjoyment of the leased property or materially impaired the Norwood's enjoyment of the property issue.

8.10     Defendants therefore breached the covenant of quiet enjoyment and caused the Norwoods to be constructively evicted and suffer financial injury in an amount that exceeds the statutory limit of $2,000.00. RCW 59.18.085(3)(a),(b), and (c).

8.11     Defendant HPA and Defendant Pathlight are therefore jointly and severally liable to the Norwoods for the greater of three months' rent or treble the actual damages sustained as a result of the Defendants' violations as described herein, in addition to costs of bringing this suit and attorney's fees. RCW 59.18.085(2).[2]

## X.  PRAYER FOR RELIEF

WHEREFORE, the Norwoods pray for an award of the following relief from the Defendants HPA BORROWER 2018-LLC, (d/b/a "Home Partners of America") and OPVHHJV LL (d/b/a "Pathlight Property Management of America") in the form of:

---

[2] The legislative intent of RCW 59.18.085 was "to provide enforcement mechanisms to cities, towns, counties, or municipal corporations including the ability to advance relocation funds to tenants who are displaced as a result of a landlord's failure to remedy building code or health code violations and later to collect the full amounts of these relocation funds, along with interest and penalties, from landlords." LAWS OF 2005, ch. 364, § 1 (emphasis added).

CIVIL COMPLAINT FOR DAMAGES

Kristy M. Norwood, and Timothy P. Norwood,
a married couple, vs. HPA BORROWER 2018-LLC,
(d/b/a "Home Partners of America"); and OPVHHJV LL
(d/b/a "Pathlight Property Management of America")
 **- 15**

**LAKE LAW, PLLC**
Morgan L Lake | WSBA 52789
3703 S. Edmunds St. #115
SEATTLE, WA. 98118
PH: (360) 499-2144
morgan@morganlakelaw.com

1.   Judgment against the Defendants, jointly and severally, in an amount to be determined, for each of the causes of action pled above;

2.   Pre-judgment and post-judgment interest on all damages as provided by law;

3.   Actual damages, pursuant to RCW 4.84.330; 59.18.290(1); 59.18.085(2); RCW 59.18.085(3)(c); and RCW 59.18.085(3)(e);

4.   Excess rent paid for diminution in rental value of the premises at issue from the time notice of such defects was first disclosed, pursuant to RCW 59.18.100(b);

5.   Reimbursement for relocation fees, including three months' rent or treble the actual damages sustained by the Norwoods, pursuant to RCW 59.18.085(2), RCW 59.18.085(3)(c), and RCW 59.18.085(3)(e);

6.   Extraordinary damages, pursuant to RCW 59.18.115(1);

7.   An award of the Norwood's attorney's fees and costs incurred in bringing this action, as permitted by court rules, contract, statute, equitable doctrine, or case law; and

8.   Such other relief as may be just and equitable.

DATED this October 25th, 2021.

**/s/ Morgan L. Lake**
Morgan L. Lake | WSBA #52789
Attorney for Plaintiffs
3703 S. Edmunds St. #115
SEATTLE, WA. 98118
Phone: (206) 536-2830
morgan@morganlakelaw.com

CIVIL COMPLAINT FOR DAMAGES

Kristy M. Norwood, and Timothy P. Norwood,
a married couple, vs. HPA BORROWER 2018-LLC,
(d/b/a "Home Partners of America"); and OPVHHJV LL
(d/b/a "Pathlight Property Management of America")
- 16

**LAKE LAW, PLLC**
Morgan L Lake | WSBA 52789
3703 S. Edmunds St. #115
SEATTLE, WA. 98118
PH: (360) 499-2144
morgan@morganlakelaw.com

E-FILED
IN COUNTY CLERK'S OFFICE
PIERCE COUNTY, WASHINGTON

October 26 2021 12:08 PM

KEVIN STOCK
COUNTY CLERK
NO: 21-2-08024-5

1

2

3

4

5

6

7 **IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF PIERCE**

8

9 KRISTY M. NORWOOD, and
TIMOTHY P. NORWOOD, a
married couple,

10                                      CASE NO. _____

                    Plaintiffs,

11

12          vs.

13 HPA BORROWER 2018-LLC,
(d/b/a "Home Partners of America"),

14 a foreign limited liability company
licensed to do business in the State

15 of Washington; and OPVHHJV LL          EXHIBITS A-0 TO PLAINTIFFS' CIVIL
(d/b/a "Pathlight Property              COMPLAINT FOR DAMAGES

16 Management of America") a foreign
limited liability company licensed to

17 do business in Washington State,

18

19                    Defendants.

20        Please find attached herewith Plaintiffs Exhibits A-O which belong to Plaintiffs' Initial Civil

21 Complaint for Damages

22        Respectfully submitted this October 25th, 2021.

                                        By: _____

23                                         **/s/ Morgan L. Lake**
                                           Morgan L. Lake, WSBA #52789

24                                         Attorney for the Plaintiffs

25 COVERPAGE FOR EXHIBITS A-0 TO PLAINTIFFS'        **LAKE LAW, PLLC**
INITIAL CIVIL COMPLAINT FOR DAMAGES              Morgan L. Lake | WSBA 52789
                                                   3703 S. Edmunds St. #115
Norwood vs. HPA BORROWER 2018-LLC,                 SEATTLE, WA. 98118
(d/b/a "Home Partners of America"); and OPVHHJV LL  Phone: (360) 499-2144
(d/b/a "Pathlight Property Management of America")
- 1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

# EXHIBITS A – O

**PLAINTIFF'S EXHIBITS A-0**

PLAINTIFF'S CIVIL COMPLAINT FOR DAMAGES

- 1

**LAKE LAW, PLLC**
Morgan L. Lake | WSBA 52789
3703 S. Edmunds St. #115
SEATTLE, WA. 98118
PH: (360) 499-2144
morgan@morganlakelaw.com

WO#B4757672 ................ The tree in the front yard needs to be trimmed. If a branch breaks it is going to take out powerlines and or hurt someone. This should have been done long before I moved in. With winter around the corner, it needs to be dealt with. I will not be held responsible for any damage caused by this tree.

Created: 8-24-19

Completed: Still open

Notes: Pathlight told me, per my lease agreement that it is now my problem to deal with.


WO#B5096729 ................. Ceiling damaged due to roof leaking.

Created: 11-21-19

Completed: 11-29-19

Notes: No resolution currently.


WO#B5348909 ................ The ceiling in the room off the kitchen is getting moldy because the roof is leaking. It needs to be fixed ASAP!

Created: 2-1-20

Completed: Ceiling is still moldy and discolored. No resolution.


WO#B5367317 ............... There is an active leak in the house.

Created: 2-6-20

Completed: Still open

Notes: There is an active leak in the home since October. The roofer's state they need dry weather to complete the job. We need it tarped to protect the home.


WO#B5367477 ................ The oven doesn't heat up and the door doesn't close. I must tie it closed with a rope.

Created: 2-6-19

Completed: Still open

Notes: The oven doesn't heat up and the door doesn't close. I must tie it closed with a rope. The oven takes 30 minutes to heat up.

WO#B5374879 ............... I would like to have a peep hole put into the front door for security. I can't have my wife just open the front door without being able to see who is out there.

Created: 2-8-20

Completed: 2-9-20

Notes: I was told that they wouldn't do it.


WO#B5420265 .............. There are 3 places in the same room that is leaking water.

Created: 2-20-20

Completed: 2-27-20

Notes: The roof was only tarped, not fixed.


WO#B5420289 ................. Ceiling in the room off the kitchen is still in need of repair.

Created: 2-20-20

Completed: Nothing was done

Notes: Possible recall of WO#B5096729 created to address the ceiling damage caused by the roof leak.


WO#B5447664 ............... The oven doesn't heat up and the door doesn't close. I must tie it closed with a rope.

Created: 2-28-20

Completed: Oven was ordered.

Notes: The oven doesn't heat up and the door doesn't close. I must tie it closed with a rope.


WO#B5475896 ................. The oven doesn't heat up and the door doesn't close. I must tie it closed with a rope.

Created 3-6-20

Completed: 3-18-20

Notes: Oven was replaced.

WO#B5526746 ............. The roof is still leaking.

Created: 3-20-20

Completed: Still open.

Notes: Clients requests JBS Eagles Inc. quote in WO#B5449131 be pushed back through for approval review on roof repair. I MADE NO SUCH REQUEST. I JUST KEPT TELLING THEM THE ROOF WAS LEAKING.

WO#B5544793 ................. The bathroom fan is making a squealing noise.

Created: 3-26-20

Completed: 4-28-20

Notes: Fan was replaced.

WO#B5597677 ................. Roofer on site.

Created: 4-13-20

Completed: 4-16-20

Notes: The roofer onsite found that the roof needed an additional 7 sheets of plywood and 12x20 section of torch down.

WO#B5597886 ................. Roof leak.

Created: 4-13-20

Completed: 4-16-20

Notes: Per vender in WO#B5420265, an entire roof replacement is needed due to damage/leak issues. Full roof replacement needed.

WO#B5880366 .............. Ceiling damage and insulation.

Created: 6-25-20

Completed: Still open. No resolution.

Notes: Techs state, the roof has been replaced. There is no active leaking, however the ceiling was damaged by the leak. It looks like we have a mold problem now. Wet insulation wasn't removed, nor was the wet drywall replace.

WO#B6254769 ..................... This is a massive tree. The branches are at least a foot in diameter. One is hanging out over the driveway and power lines to the house. The other is over the front of the house. If these branches were to break someone could be seriously hurt. This tree is way out of my league.

Created: 9-25-20

Completed: Still an issue. No resolution.

Notes. Pathlight closed this matter without giving me an answer. I assume as before; they consider this my problem.

WO#B6254771 ................... Tree needs trimming.

Created: 9-25-20

Completed: Still an issue. No resolution.

Notes: Notes. Pathlight closed this matter without giving me an answer. I assume as before; they consider this my problem.

WO#B6266269 ................ We are still having issues with all the bathroom. Showers, tubs, washer, and toilets are still backing up. Please help!!!! Everything is backed up.

Created: 9-28-20

Completed: 10-1-20

Notes: My PHD Pluming came out and unplugged the line. As before he told me it would continue to happen due to a dip in the line under the house.

WO#B6312681 .............. We are still having issues with all the bathroom. Showers, tubs, washer, and toilets are still backing up.

Created: 10-9-20

Completed: Cancelled on 10-15-20

Notes: Per technician in WO#B6266269, "there is a huge root ball blocking 90 % of this sewer line under the tree. This should be addressed, or a clogging issue will continue to happen.

WO#B6334521 ................ We are still having issues with all the bathroom. Showers, tubs, washer, and toilets are still backing up.

Created: 10-15-20

WO#B6357417 ................. Ceiling damage and insulation.

Created:10-22-20

Completed: 10-27-20

Notes: Still open. No resolution.

WO#B6358023 ................ We are still having issues with all the bathroom. Showers, tubs, washer, and toilets are still backing up.

Created: 10-22-20

Completed: Still open. Pending more information.

WO#B6374772 ............... These openings lead to under the house and need to be sealed up.

Created: 10-27-20

Completed: Still an issue.

Notes: No one ever cam out to see.

WO#B6389123 .................... We are still having issues with all the bathroom. Showers, tubs, washer, and toilets are still backing up. This has been an issue for the past 2 months.

Created: 10-30-20

Completed: Still open. Pending more information.

Notes: Pending more information.

WO#B6389386 ................. Rats under the house.

Created: 10-30-20

Complete: Still open.

Notes: I was called on 10-30-20 at 6 p.m by Pathlight maintenance. They asked me if I saw rats under the house. I told them everyone has rats. They said they needed to set traps under to house. I feel like this is an other stall tactic.

Completed: 10-22-20

Notes: Harts Services came out to look under the house. That's when we found out the real problem. All the pipes under the house were rotted out and leaking. They had been for some time. The main sewer line is broken and leaking raw sewage under the house. Estimate $30K to fix it. Meanwhile we are still living with raw sewage.

Notes: Resident states their toilets are backing up and they have had continual problems with their plumbing and sewer line. WO#B4121442, #B4453114, #B6189714, #B6216985, #B6266269, #B6274874, #B6312681. Resident states they must wait for 1 hour to reset the toilets and they are unable to use the showers. Resident states if they use the bathroom sink, they cannot use the toilets because the water fills up the pipe. Per technician, in #B6266269, "there is a huge root ball blocking 90 % of this sewer line under the tree. This should be addressed, or a clogging issue will continue to happen.

On 10-16-20 I paid Roto Rooter to come out and unplug the line so we could at least use the bathrooms for a bit. The line will continue to plug up until in is fixed properly.

WO#B6357417 ………………. Ceiling damage and insulation.

Created:10-22-20

Completed: 10-27-20

Notes: No resolution. Ceiling is still the same.

Notes: Resident is reporting discoloration in ceiling. Please sent remediation company to take care of the issue. Then once remediation is complete, we need to do an air test to confirm AQ.

WO#B6358023 ……………. We are still having issues with all the bathroom. Showers, tubs, washer, and toilets are still backing up.

Second opinion, there are 2 reported issues. (1) Please video inspect the main sewer and make recommendations, the video must be submitted with the proposal. (2) Please inspect for leaking sewer line in the crawlspace.

Created: 10-22-20

Completed: Still open. Pending more information.

WO#B6374772 …………… These openings lead to under the house and need to be sealed up.

Created: 10-27-20

Completed: Still an issue.

Notes: No one ever came out to see the problem. I was sent an email telling me, it is my responsibility. The house was rented as is.

WO#B5992983 .............. Ceiling damage and insulation.

Created: 7-22-20

Completed: Still open. No resolution.

Notes: Notes: Techs state, the roof has been replaced. There is no active leaking, however the ceiling was damaged by the leak. It looks like we have a mold problem now. Wet insulation wasn't removed, nor was the wet drywall replace.

WO#B6043598 ................. The pod soap dispenser spring is broken.

Created: 8-3-20

Completed: 8-24-20

Notes: New dispenser was installed. Issue resolved.

WO#B6189714 ................. All sinks, tubs, showers and toilets are backed up.

Created: 9-8-20

Completed: 9-14-20

Notes: My PHD Pluming came out and unplugged the line. He also told me it would continue to happen due to a dip in the line under the house.

WO#B6216985 .............. All sinks, tubs, showers and toilets are backed up.

Created: 9-15-20

Completed: 9-18-20

Notes: My PHD Pluming came out and unplugged the line. As before he told me it would continue to happen due to a dip in the line under the house.

WO#B6251643 ................. The ceiling in the room off the garage is coming down, due to a leak. This was caused by ivy and a tree that has been stuck to the house foe a very long time.

Created: 9-24-20

Completed: 10-12-20

Notes: The roof was replaced, however the ceiling in the room hasn't been fixed.

Exhibit J 3.13





Mail - Morgan Lake - Outlook



EXHIBIT "A" TO NOTICE OF REMOVAL, Page 33 of 120



**EXHIBIT "A" TO NOTICE OF REMOVAL, Page 34 of 120**



EXHIBIT "A" TO NOTICE OF REMOVAL, Page 35 of 120





Mail - Morgan Lake - Outlook



//outlook.office.com/mail/id/AAQkAGU1Y2M4YTJhLTY4N2UtNGZkOC04MGJlLTVlOWU5OTZmYzIxNwAQAB5B9I5HyqxKmzFr5bxikeo%3D?popoutv2=1&version=20210412005.10





//outlook.office.com/mail/id/AAQkAGU1Y2M4YTJhLTY4N2UtNGZkOC04MGJlLTVlOWU5OTZmYzIxNwAQAB5B9I5HyqxKmzFr5bxikeo%3D?popoutv=1&version=20210412005.10

E-FILED
IN COUNTY CLERK'S OFFICE
PIERCE COUNTY, WASHINGTON

October 27 2021 12:37 PM

KEVIN STOCK
COUNTY CLERK
NO: 21-2-08024-5

1

2

3

4

5

6            **IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON**

7            **IN AND FOR THE COUNTY OF PIERCE**

8   KRISTY M. NORWOOD, and
    TIMOTHY P. NORWOOD, a
9   married couple,
                                              CASE NO.   21-2-0802405
10                          Plaintiffs,

11          vs.

12
    HPA BORROWER 2018-LLC,
13  (d/b/a "Home Partners of America"),
    a foreign limited liability company
14  licensed to do business in                PLAINTIFFS' FIRST AMENDED CIVIL
    Washington State; and OPVHHJV            SUMMONS (20 Days)
15  LL (d/b/a "Pathlight Property
    Management") a foreign limited
16  liability company licensed to do
    business in Washington State,
17
18                          Defendants.

19  **TO:**       **CLERK OF THE ABOVE-LISTED COURT;**
    **AND TO:**   **DEFENDANT, HPA BORROWER 2018-LLC;**
20  **AND TO:**   **DEFENDANT, OPVHHJV LL**

21          **TO THE DEFENDANTS:** A lawsuit has been started against you in the above entitled court by

22  Plaintiffs, KRISTY M. NORWOOD, and TIMOTHY P. NORWOOD, by and through their attorney,

23  Morgan L. Lake of Lake Law, PLLC.  Plaintiffs' claims are stated in the written complaint, a copy of

    which is served upon you with this summons.
24

25
    **PLAINTIFFS' FIRST AMENDED**                    **LAKE LAW, PLLC**
    **CIVIL SUMMONS (20 Days)**                Morgan L. Lake | WSBA 52789
                                                 3703 S. Edmunds St. #115
    Kristy M. Norwood, and Timothy P. Norwood, a      SEATTLE, WA. 98118
    married couple, vs. HPA BORROWER 2018-LLC          PH: (360) 499-2144
    (d/b/a "Home Partners of America"); and OPVHHJV LL   morgan@morganlakelaw.com
    (d/b/a "Pathlight Property Management")

In order to defend against this lawsuit, you must respond to the complaint by stating your defense in writing, and by serving a copy upon the person signing this summons within 20 days after the service of this summons, excluding the day of service, or a default judgment may be entered against you without notice. A default judgment is one where plaintiff is entitled to what he asks for because you have not responded. If you serve a notice of appearance on the undersigned person, you are entitled to notice before a default judgment may be entered.

You may demand that the plaintiff file this lawsuit with the court. If you do so, the demand must be in writing and must be served upon the person signing this summons. Within 14 days after you serve the demand, the plaintiff must file this lawsuit with the court, or the service on you of this summons and complaint will be void.

If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time. This summons is issued pursuant to rule 4 of the Superior Court Civil Rules of the State of Washington.

DATED this October 27th, 2021.

By: _____

**/s/ Morgan L. Lake**
Morgan L. Lake, WSBA #52789
Attorney for the Plaintiffs

**NOTICE:** State and federal law provide protections to defendants who are on active duty in the military service, and to their dependents. Dependents of a service member or the service member's spouse, the service member's minor child, or an individual for whom the service member provided more than on-half of the individual's support for one hundred eighty days immediately preceding an application for relief.

One protection provided is the protection against the entry of a default judgment in certain circumstances. **This notice only pertains to a defendant who is a dependent of a member of the national guard or a military reserve component under a call to active service for a period of time of more than thirty consecutive days.** Other defendants in military service also have protections against default judgments not covered by this notice. If you are the dependent of a member of the national guard or a military reserve component under a call to active service for a period of more than thirty consecutive days, you should notify the plaintiff or the plaintiff's attorneys in writing of your status as such within twenty days of the receipt of this notice. If you fail to do so, then a court or an administrative tribunal may presume that you are not a dependent of an active duty member of the national guard or reserves, and proceed with the entry of an order of default and/or a default judgment without further proof of your status. Your response to the plaintiff or plaintiff's attorney(s) about your status does not constitute an appearance for jurisdictional purposes in any pending litigation nor a waiver of your rights.

**PLAINTIFFS' FIRST AMENDED**
**CIVIL SUMMONS (20 Days)**

Kristy M. Norwood, and Timothy P. Norwood, a
married couple, vs. HPA BORROWER 2018-LLC
(d/b/a "Home Partners of America); and OPVHHJV LL
(d/b/a "Pathlight Property Management")

**LAKE LAW, PLLC**
Morgan L. Lake | WSBA 52789
3703 S. Edmunds St. #115
SEATTLE, WA. 98118
PH: (360) 499-2144
**morgan@morganlakelaw.com**

E-FILED
IN COUNTY CLERK'S OFFICE
PIERCE COUNTY, WASHINGTON

October 27 2021 2:32 PM

KEVIN STOCK
COUNTY CLERK
NO: 21-2-08024-5

1

2

3

4

5

6

7

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON**
**IN AND FOR THE COUNTY OF PIERCE**

8 | KRISTY M. NORWOOD, and
TIMOTHY P. NORWOOD, a
married couple,

9 |                          CASE NO.   21-2-08024-5
                  Plaintiffs,

10

11 |        vs.

12 | HPA BORROWER 2018-LLC,
(d/b/a "Home Partners of America"),

13 | a foreign limited liability company
licensed to do business in the State

14 | of Washington; and OPVHHJV LL      PLAINTIFFS' FIRST AMENDED CIVIL
(d/b/a "Pathlight Property            COMPLAINT FOR DAMAGES

15 | Management") a foreign limited
liability company licensed to do

16 | business in Washington State,

17 |                  Defendants.

18 | **COMES NOW** Plaintiffs, KRISTY M. NORWOOD and TIM P. NORWOOD, by and

19 | through their attorney, Morgan L. Lake of Lake Law, PLLC, and bring this action against HPA

20 | BORROWER 2018-LLC, (d/b/a "Home Partners of America"), and OPVHHJV LL (d/b/a

   | "Pathlight Property Management") ("the Defendants") (collectively, "the Parties") alleging as

21 | follows:

22

PLAINTIFF'S FIRST AMENDED CIVIL                    **LAKE LAW, PLLC**
COMPLAINT FOR DAMAGES                        Morgan L Lake | WSBA 52789
                                              3703 S. Edmunds St. #115
Kristy M. Norwood, and Timothy P. Norwood,        SEATTLE, WA. 98118
a married couple, vs. HPA BORROWER 2018-LLC,       PH: (360) 499-2144
(d/b/a "Home Partners of America"); and OPVHHJV LL
(d/b/a "Pathlight Property Management")

# I.    **PARTIES**

**Plaintiffs, Kristy M. Norwood, and Tim P. Norwood:**

1.1     Plaintiffs, Kristy M. Norwood, and Timothy N. Norwood (hereinafter "the Plaintiffs" or "the Norwoods") are natural persons and residents of Washington State.

1.2     The Norwoods are individually and collectively a "person" as defined by RCW 59.18.030(21), and "tenant[s]" as defined by RCW 59.18.030(34).

**Defendant, HPA BORROWWER 2018-LLC:**

1.3     Defendant, HPA BORROWER 2018-LLC (d/b/a "Home Partners of America") (hereinafter "Defendant HPA") is a foreign limited liability company headquartered at 120 S RIVERSIDE PLZ, SUITE 2000, CHICAGO, IL, 60606-3913, duly licensed to do business as a residential real estate company that buys, sells and leases properties in Washington State under UBI: 603-331-490.

1.4     Defendant HPA is therefore a "landlord" as defined by RCW 59.18.030(16), a "person" as defined by RCW 59.18.030(21), and a "property owner" as defined by the Pierce County Code ("PCC"). PCC 13.04.010.

**Defendant, OPVHHJV LL (d/b/a "Pathlight Property Management"):**

1.5     Defendant OPVHHJV LL (d/b/a "Pathlight Property Management") (hereinafter "Defendant Pathlight") is a Foreign Limited Liability Company incorporated at 6500 International Pkwy STE 1100, Plano, TX 75093-8363, duly licensed to do business in the area of real estate in Washington State under UBI: 603-436-181.

1.6     Defendant Pathlight is therefore a "landlord" as defined by RCW 59.18.030(16), a "person" as defined by RCW 59.18.030(21), and a "property owner" as defined by PCC 13.04.010.

PLAINTIFF'S FIRST AMENDED CIVIL
COMPLAINT FOR DAMAGES

Kristy M. Norwood, and Timothy P. Norwood,
a married couple, vs. HPA BORROWER 2018-LLC,
(d/b/a "Home Partners of America"); and OPVHHJV LL
(d/b/a "Pathlight Property Management")

LAKE LAW, PLLC
Morgan L Lake | WSBA 52789
3703 S. Edmunds St. #115
SEATTLE, WA. 98118
PH: (360) 499-2144

## II.   JURISDICTION AND VENUE

2.1     Personal jurisdiction is proper in Pierce County, Washington because the Plaintiffs resided in Pierce County, Washington at all relevant times the events described throughout this Complaint occurred; Defendants conduct business within Pierce County, Washington; the Property Lease Agreement between the Parties was executed in Pierce County, Washington; and each of the breaches and other wrongful acts alleged herein took place in Pierce County, Washington. RCW 2.08.010.

2.2     Venue is proper in Pierce County Superior Court for this action pursuant to RCW 4.12.010 as all of the events alleged herein occurred in Pierce County, Washington. RCW 4.12.010.

## III.   RELEVANT FACTS

3.1     On February 20th, 2019, the Norwoods entered into a one-year lease agreement with Defendant HPA for a residence located at 711 Le-Lou-WA Pl NE, Tacoma, WA. 98422, with the Norwood's rent payments set at $2,395.00 per month.

3.2     On November 21, 2019, the Norwoods notified Defendants that their property's ceiling was leaking. *Exhibit A.*

3.3     On February 1st, 2020, the Norwoods notified the Defendants that "the ceiling in the room adjacent to the kitchen was getting moldy [due] to the roof leaking [and] needed to be fixed ASAP!" *Exhibit B.*

3.4     On February 6th, 2020, the Norwoods notified the Defendants that there "[was] and active leak in the house." *Exhibit C.*

3.5     On February 20, 2020, the Norwoods notified the Defendants that the "ceiling in the room [adjacent] to the kitchen [was] still in need of repair." *Exhibit D.*

PLAINTIFF'S FIRST AMENDED CIVIL
COMPLAINT FOR DAMAGES

Kristy M. Norwood, and Timothy P. Norwood,
a married couple, vs. HPA BORROWER 2018-LLC,
(d/b/a "Home Partners of America"); and OPVHHJV LL
(d/b/a "Pathlight Property Management")

**LAKE LAW, PLLC**
Morgan L Lake | WSBA 52789
3703 S. Edmunds St. #115
SEATTLE, WA. 98118
PH: (360) 499-2144

3.6    On June 25th, 2020, the Norwoods notified the Defendants, that damage to their ceiling and insulation required repair. *Exhibit E.*

3.7    On July 22nd, 2020, the Norwoods again notified the Defendants, that damage to the ceiling and insulation required repair. *Exhibit F.*

3.8    On or about September 1st, 2020, Kristy Norwood began to suffer from open sores on her scalp, extreme anxiety, and impaired breathing as a result of being exposed to the substandard and dangerous living conditions described herein.

3.9    On September 28th, 2020, the Norwoods notified the Defendants that "all sinks, tubs, showers and toilets were backed up." *Exhibit G.*

3.10    On September 15th, 2020, the Norwoods again notified the Defendants that "all sinks, tubs, showers and toilets were backed up." *Exhibit H.*

3.11    On October 15th, 2020, the Norwoods notified the Defendants for a third time that "all sinks, tubs, showers and toilets were backed up." *Exhibit I.*

3.12    On October 21st, 2020, Defendant Pathlight contacted Harts Services ("Harts"), a local residential plumbing and sewer pipe expert, and directed Harts to inspect the plumbing for the property at issue. Harts determined all waste lines from the property's side sewer needed immediate replacement. During the inspection of the pipeline, Harts discovered the main sewer pipe for the property at issue had been completely broken in two, which allowed for open sewage to escape the pipeline and run directly underneath the Norwoods' home. Harts also identified numerous rotted and cracked pipes throughout the underside of the home that required immediate repair due to sewage leaking. The estimate to complete the necessary work was $30,559.73.  Neither Defendant HPA, nor Defendant Pathlight took any action thereafter to address the health and safety concerns related to broken pipeline or open sewage running underneath the subject premises. *Exhibit J*

PLAINTIFF'S FIRST AMENDED CIVIL
COMPLAINT FOR DAMAGES

Kristy M. Norwood, and Timothy P. Norwood,
a married couple, vs. HPA BORROWER 2018-LLC,
(d/b/a "Home Partners of America"); and OPVHHJV LL
(d/b/a "Pathlight Property Management")

**LAKE LAW, PLLC**
Morgan L Lake | WSBA 52789
3703 S. Edmunds St. #115
SEATTLE, WA. 98118
PH: (360) 499-2144

3.13     On October 22nd, 2020, the Norwoods notified the Defendants for a fourth time that damage to the ceiling and insulation required repair." *Exhibit K.*

3.14     On October 22nd, 2020, the Norwoods notified the Defendants for a fourth time that "[they] were still having issues with all bathroom[s], and that "[s]howers, tubs, washer, and the toilets [were] still backing up." *Exhibit L.*

3.15     On October 30, 2020, the Norwoods notified the Defendants for a fifth time that [they] were still having issues with all bathroom[s], showers, tubs, and [also] that the toilets in the residence at issue were still backing up." *Exhibit M.*

3.16     On October 30th, 2020, the Norwoods notified the Defendants that there were "rats under the house." *Exhibit N.*

3.17     On November 17th, 2020, the Norwoods paid for a certified mold inspector to assess their home due to Defendant HPA's and Defendant Pathlight's failure to address notices related to leaks throughout the premises and growing concerns over Kristy Norwood's respiratory issues. The inspection produced "Mold Scores" of "HIGH" in the Kitchen/Dining Area, the NE Crawlspace, and the Garage Bedroom.

3.18     On or about December 1, 2020, and as a direct result of Defendant HPA's failure to remedy the substandard living conditions and subsequent health concerns, the Norwoods were forced to vacate the premises at issue and search for a new residence at the height of the global SARS-CoV-2 pandemic (aka "COVID-19").

3.19     On or about December 1st, 2020, and at the height of the global COVID-19 pandemic, the Norwoods paid a household moving services company $2,600.00 to pack and store their belongings and an additional $350.00 for a U-Haul truck and other supplies. *Exhibit 0.*

PLAINTIFF'S FIRST AMENDED CIVIL
COMPLAINT FOR DAMAGES

Kristy M. Norwood, and Timothy P. Norwood,
a married couple, vs. HPA BORROWER 2018-LLC,
(d/b/a "Home Partners of America"); and OPVHHJV LL
(d/b/a "Pathlight Property Management")

**LAKE LAW, PLLC**
Morgan L Lake | WSBA 52789
3703 S. Edmunds St. #115
SEATTLE, WA. 98118
PH: (360) 499-2144

EXHIBIT "A" TO NOTICE OF REMOVAL, Page 46 of 120

# IV.  CAUSES OF ACTION

## A.  BREACH OF IMPLIED WARRANTY OF HABITABILITY (RCW 59.18.060)

4.1     The Norwoods incorporate by reference the allegations set forth in each of the preceding paragraphs of this pleading as though fully stated herein.

4.2     Washington State's Legislature "enacted the Residential Landlord-Tenant Act, (hereinafter "the RLTA") Chapter 59.18 RCW, to govern the rights, responsibilities, and remedies of residential landlords and tenants." Faciszewski v. Brown, 187 Wn.2d 308, 314, 386 P.3d 711 (2016).

4.3     Washington State's Courts have made clear the RLTA "is a remedial statute that must be "construed liberally in order to accomplish the purpose for which it is enacted." State v. Douty, 92 Wn.2d 930, 936, 603 P.2d 373 (1979); cf. Randy Reynolds & Assocs. v. Harmon, 193 Wn.2d 143, 156, 437 P.3d 677 (2019) (Chapter 59.18 RCW is a "statute[] in derogation of the common law and thus [is] strictly construed in favor of the tenant.").

4.4     Under the RLTA, "all contracts for the renting of premises, oral or written, [have] an implied warranty of habitability." Foisy v. Wyman, 83 Wash.2d at 28, 515 P.2d 160. (1973).

4.5     This implied warranty of habitability requires landlords like Defendant HPA and Defendant Pathlight to "keep the premises fit for human habitation" and to "maintain certain specified items and areas." RCW 59.18.060.

4.6     To be fit for human habitation, landlords like Defendant HPA and Defendant Pathlight "must maintain the structural components [of the rental property] including, but not limited to, the roofs, floors, walls, foundations, and all other structural components, in reasonably good repair so as to be usable." RCW 59.18.060(2).

4.7     Landlords like Defendant HPA and Defendant Pathlight violate the implied warranty of habitability when they fail to keep a property fit for human habitation by failing to

PLAINTIFF'S FIRST AMENDED CIVIL
COMPLAINT FOR DAMAGES

Kristy M. Norwood, and Timothy P. Norwood,
a married couple, vs. HPA BORROWER 2018-LLC,
(d/b/a "Home Partners of America"); and OPVHHJV LL
(d/b/a "Pathlight Property Management")

**LAKE LAW, PLLC**
Morgan L Lake | WSBA 52789
3703 S. Edmunds St. #115
SEATTLE, WA. 98118
PH: (360) 499-2144

maintain "a reasonable program for the control of infestation by insects, rodents, and other pests at the initiation of the tenancy." RCW 59.18.060(4).

4.8     Landlords like Defendant HPA and Defendant Pathlight also violate the implied warranty of habitability when they fail to make repairs and arrangements necessary to put and keep premises [like the Norwood's] in as good condition as [premises] by law or rental agreement *should have been,* at the commencement of the tenancy.  RCW 59.18.060(5).

4.9     Landlords like Defendant HPA and Defendant Pathlight further violate the implied warranty of habitability when they fail to maintain all plumbing in a reasonably good working order. RCW 59.18.060(8).

4.10    Here, Defendant HPA and Defendant Pathlight violated the RLTA by failing to maintain the Norwood's roofs, floors, walls, foundations, and all other structural components, in reasonably good repair so as to be usable. RCW 59.18.060(2).

4.11    Defendant HPA and Defendant Pathlight violated the RLTA by not having a reasonable program for the control of infestation by insects, rodents, and other pests at the initiation of the tenancy. RCW 59.18.060(4).

4.12    Defendant HPA and Defendant Pathlight further violated the RLTA by failing to make repairs and arrangements necessary to put and keep the premises at issue in as good condition as it by law or rental agreement *should have been,* at the commencement of the Norwood's tenancy. RCW 59.18.060(5).

4.13    Defendant HPA and Defendant Pathlight also violated the RLTA by failing to maintain all plumbing within the premises at issue in reasonably good working order. RCW 59.18.060(8).

PLAINTIFF'S FIRST AMENDED CIVIL
COMPLAINT FOR DAMAGES

Kristy M. Norwood, and Timothy P. Norwood,
a married couple, vs. HPA BORROWER 2018-LLC,
(d/b/a "Home Partners of America"); and OPVHHJV LL
(d/b/a "Pathlight Property Management")

**LAKE LAW, PLLC**
Morgan L Lake | WSBA 52789
3703 S. Edmunds St. #115
SEATTLE, WA. 98118
PH: (360) 499-2144

4.14    As a direct or proximate cause of Defendant HPA's and Defendant Pathlight's breach of the implied warranty habitability, the Norwoods suffered pecuniary injury totaling $2,950.00 for moving expenses, in addition to

4.15    Defendant HPA and Defendant Pathlight are therefore jointly and severally liable to the Norwoods for actual damages, which include but are not limited to costs associated with bringing this suit and reasonable attorneys' fees, in addition to such other relief as may be just and equitable. RCW 59.18 *et seq.*

### SECOND CAUSE OF ACTION: BREACH OF CONTRACT FOR LANDLORD'S FAILURE TO CARRY OUT DUTIES (RCW 59.18.070)

5.1    The Norwoods incorporate by reference the allegations set forth in each of the preceding paragraphs of this pleading as though fully stated herein.

5.2    If at any time during a tenancy like the one applicable to this suit, a landlord like Defendant HPA or Defendant Pathlight receives notice from tenants like the Norwoods, the landlord:

> ...shall commence remedial action after receipt of such notice by the tenant as soon as possible but not later than the following time periods, except where circumstances are beyond the landlord's control:
>
> (1) Not more than twenty-four hours, where the defective condition deprives the tenant of hot or cold water, heat, or electricity, or is imminently hazardous to life;
> (2) Not more than seventy-two hours, where the defective condition deprives the tenant of the use of a refrigerator, range and oven, or a major plumbing fixture supplied by the landlord; and
> (3) Not more than ten days in all others.

RCW 59.18.070.

5.3    When landlords like Defendant HPA and Defendant Pathlight fail to commence remedial action of defective conditions like those described herein during the applicable periods of time set forth in RCW 59.18.070:

> the tenant may contract with a licensed or registered person, or with a responsible person capable of performing the repair ... . Upon the completion of the repair and

PLAINTIFF'S FIRST AMENDED CIVIL
COMPLAINT FOR DAMAGES

Kristy M. Norwood, and Timothy P. Norwood,
a married couple, vs. HPA BORROWER 2018-LLC,
(d/b/a "Home Partners of America"); and OPVHHJV LL
(d/b/a "Pathlight Property Management")

**LAKE LAW, PLLC**
Morgan L Lake | WSBA 52789
3703 S. Edmunds St. #115
SEATTLE, WA. 98118
PH: (360) 499-2144

1      an opportunity for inspection by the landlord or his or her designated agent, the tenant may deduct the cost of repair from the rent in an amount not to exceed the

2      sum expressed in dollars representing two month's rental of the tenant's unit per repair.

3  RCW 59.18.070(2).

4      5.4    The Norwoods provided Defendant HPA and Defendant Pathlight several months

5  of written notices that described the defective conditions found within the premises at issue, and

6  the notices were received by the Defendants.

7      5.5    Following receipt of notices that described the defective conditions within the

8  subject premises, Defendants failed to take remedial action and fulfill their obligations under

    RCW 59.18.060 within the time periods imposed by RCW 59.18.070, which substantially

9  endangered or impaired the health or safety of a the Norwoods at the height of the COVID-19

10  pandemic. Indeed, the Norwoods were forced to live in a home exposed to risk of illness or

11  injury from leaking roofs, mold protruding throughout the majority of their living room ceiling,

12  in addition to human waste that was draining and accumulating directly underneath the

13  Norwoods' living room floor that led to a rat infestation. 59.18.060; RCW 59.18.070.

    5.6    As a direct or proximate cause of Defendants' failures to carry out their statutorily

14  imposed duties in a reasonable period, the Norwoods were forced to pay for a mold inspection

15  from a certified inspector that confirmed their fears of exposure given Kristy Norwood's

16  impaired breathing.

17      5.7    Defendant HPA and Defendant Pathlight are therefore jointly and severally liable

18  to the Norwoods for Plaintiffs' actual damages, including "any actual damages sustained by the

19  Norwoods that exceed the amount of relocation assistance that would otherwise payable, in

20  addition to costs associated with bringing this suit and reasonable attorneys' fees, and such other

relief as may be just and equitable. RCW 59.18.290(2); RCW 59.18.085(3)(e).

21

22

23  PLAINTIFF'S FIRST AMENDED CIVIL
COMPLAINT FOR DAMAGES

Kristy M. Norwood, and Timothy P. Norwood,
a married couple, vs. HPA BORROWER 2018-LLC,
(d/b/a "Home Partners of America"); and OPVHHJV LL
(d/b/a "Pathlight Property Management")

**LAKE LAW, PLLC**
Morgan L Lake | WSBA 52789
3703 S. Edmunds St. #115
SEATTLE, WA. 98118
PH: (360) 499-2144

**C. THIRD CAUSE OF ACTION: SUBSTANDARD AND UNREASONABLE LIVING CONDITIONS (RCW 59.18.115)**

6.1     The Norwoods incorporate by reference the allegations set forth in each of the paragraphs of this pleading as though fully stated herein.

6.2     Under the RLTA, if a court determines that:

> (b) A reasonable time has passed for the landlord to remedy the defective condition following notice to the landlord in accordance with RCW 59.18.070 or such other time as may be allotted by the court or arbitrator; the court or arbitrator may determine the diminution in rental value of the premises due to the defective condition and shall render judgment against the landlord for the rent paid in excess of such diminished rental value from the time of notice of such defect to the time of decision and any costs of repair done pursuant to RCW 59.18.100 for which no deduction has been previously made.

RCW 59.18.100(b).

6.3     Washington State's Legislature has declared, in relevant part:

> [T]hat some tenants live in residences that are substandard and dangerous to their health and safety and that the repair and deduct remedies of RCW 59.18.100 may not be adequate to remedy substandard and dangerous conditions. [In such instances], an extraordinary remedy is necessary if the conditions substantially endanger or impair the health and safety of the tenant.

RCW 59.18.100(1).

6.4     Landlords like Defendant HPA and Defendant Pathlight substantially endanger or impair the health or safety of tenants when they fail to maintain or provide property that protects tenants from exposure of to the weather, and when they fail to meet the applicable standard of care to remedy the plumbing and sanitation defects that directly expose the occupants to the risk of illness or injury. RCW 59.18.115(2)(a)(ii)-(iii).[1]

6.5     Defendant HPA and Defendant Pathlight failed to maintain or provide the Norwoods with a property that protected the Norwoods from exposure to the weather as

---

[1] The Washington State Building Code Council ("WSBCC") is responsible for building code standards throughout the state of Washington. WSBCC has adopted The Uniform Plumbing Code ("UPC"), which sets forth standards and regulations applicable to every county and city of the State. WAC 51-56-008; RCW 19.27; RCW 70.92.

PLAINTIFF'S FIRST AMENDED CIVIL
COMPLAINT FOR DAMAGES

Kristy M. Norwood, and Timothy P. Norwood,
a married couple, vs. HPA BORROWER 2018-LLC,
(d/b/a "Home Partners of America"); and OPVHHJV LL
(d/b/a "Pathlight Property Management")

**LAKE LAW, PLLC**
Morgan L Lake | WSBA 52789
3703 S. Edmunds St. #115
SEATTLE, WA. 98118
PH: (360) 499-2144

1  evidenced by defective roofing that leaked into the structure of the building, leading to the

2  Norwoods to experience substantial exposure to high levels of mold.

3        6.6      The plumbing conditions described herein were insanitary and therefore

4  substandard, dangerous, and unreasonable within the meaning of RCW 59.18.115. RCW

5  59.18.115(2)(a).[2]

6        6.7      The Norwoods provided the Defendants with repeated notices over the course of

7  nearly ten ("10") months regarding the substandard, dangerous, and unreasonable living

8  conditions, but neither Defendant HPA, nor Defendant Pathlight met the duty of care imposed by

   the RLTA to fulfill their duties. RCW 59.18.060; RCW 59.18.070. Meanwhile, the Norwoods

9  remained current on their rent up until the time they were forced to abandon the property at issue

10  due to the living conditions described throughout this Complaint.

11       6.8      The Defendants' failure to remedy the substandard and unreasonable living

12  conditions described herein within a reasonable period of time left the Norwoods unable to

13  consistently access or utilize any of the subject premises' 3 bathrooms, which prevented the

14  Norwoods from being able to shower consistently or flush toilets without human waste backing

15  up from September 1st, 2019 – November 30th, 2020.

16       6.9      The Defendants' failure to remedy the substandard and unreasonable living

17  conditions described herein also left the Norwoods unable to consistently access their kitchen for

18  basic cooking needs due to the overpowering smell of human waste emitted from the bathroom

19  directly adjacent to the kitchen from September 1st, 2019 – November 30th, 2020.

20

21  [2] UPC defines "Insanitary" is defined as "a condition that is contrary to sanitary principles or is injurious to health," and includes plumbing fixtures "not supplied with water sufficient to flush and maintain the fixture or receptor in a clean condition." UCC 2110(3).

22

PLAINTIFF'S FIRST AMENDED CIVIL                    **LAKE LAW, PLLC**
COMPLAINT FOR DAMAGES                              Morgan L Lake | WSBA 52789
                                                  3703 S. Edmunds St. #115
Kristy M. Norwood, and Timothy P. Norwood,        SEATTLE, WA. 98118
a married couple, vs. HPA BORROWER 2018-LLC,      PH: (360) 499-2144
(d/b/a "Home Partners of America"); and OPVHHJV LL
(d/b/a "Pathlight Property Management")

6.10    The Defendants' failures to remedy the substandard and unreasonable living conditions described herein, left the Norwoods unable to consistently access or utilize the main gathering room in the subject property, the living room, due to the overwhelming smell of backed up human waste that was draining directly underneath the living room floor, in addition to noxious fumes from mold that was visibly protruding and growing throughout the living room ceiling.

6.11    Defendant HPA and Defendant Pathlight are therefore jointly and severally liable to the Norwoods for the diminution in rental value of the premises due to their ongoing failure to remedy the defective conditions described herein, in addition to all rent paid in excess of such diminished rental value from the time of the Norwoods first provided Defendants notice of such defects to the time the Norwoods were forced to vacate the premises. 59.18.100(b).

6.12    Defendant HPA and Defendant Pathlight are also therefore jointly and severally liable to the Norwoods for actual damages, including "any actual damages sustained by [the Norwoods] that exceed the amount of relocation assistance otherwise payable." RCW 59.18.290; RCW 59.18.085(3)(e).

6.13    Defendants are further jointly and severally liable to the Norwoods for costs of bringing this suit and reasonable attorney's fees, in addition to extraordinary remedies in an amount to be proven at trial. RCW 59.18.290(1); RCW 59.18.115(1).

**D.  FOURTH CAUSE OF ACTION: NEGLIGENCE *PER SE* (RCW 5.40.050)**

7.1    The Norwoods incorporate by reference the allegations set forth in each of the preceding paragraphs of this pleading as though fully stated herein.

PLAINTIFF'S FIRST AMENDED CIVIL
COMPLAINT FOR DAMAGES

Kristy M. Norwood, and Timothy P. Norwood,
a married couple, vs. HPA BORROWER 2018-LLC,
(d/b/a "Home Partners of America"); and OPVHHJV LL
(d/b/a "Pathlight Property Management")

**LAKE LAW, PLLC**
Morgan L Lake | WSBA 52789
3703 S. Edmunds St. #115
SEATTLE, WA. 98118
PH: (360) 499-2144

7.2     To prevail in a negligence claim, plaintiffs like the Norwoods must show (1) the existence of a duty, (2) breach of that duty, (3) resulting injury, and (4) proximate cause. RCW 5.40.050.

7.3     Defendant HPA's and Defendant Pathlight's duties as landlords are set forth in the RLTA. RCW 59.18 *et seq.*

7.4     Defendants failed to meet the duty of care imposed upon each of them by the RLTA by consistently failing to remedy the substandard and unreasonable living conditions described herein within the time frames set forth by RCW 59.18.070.

7.5     As a direct or proximate result of Defendants' failure to meet the standard of care imposed upon each of them by the RLTA, the Norwoods suffered injury pecuniary injury that totaled $2,950.00 for relocation fees, in addition to monies paid for a certified mold inspection, and also spent time, energy and even more funds to investigate the legal claims set forth herein.

7.6     Additionally, as a direct or proximate cause of Defendants' failure to meet the duty of care imposed on them by the RLTA, Kristy Norwood ("Mrs. Norwood") experienced symptoms that manifested as open sores on her scalp, extreme anxiety and substantial mental anguish, and impaired breathing. Mrs. Norwood was forced to seek out aid from certified medical care specialists who created medical treatment plans to help Mrs. Norwood cope with the symptoms that manifested as a result of living in the conditions described herein. Acting on medical providers' orders, Mrs. Norwood was forced to shave her head to allow the sores to heal over a 4-month period. Mrs. Norwood was also prescribed medication to address anxiety brought on by the conditions described herein, in addition to inhalers for impaired breathing. Mrs. Norwood continues to receive medical care treatment from certified medical care specialists for symptoms that manifested from her time living in the substandard, insanitary, and dangerous conditions described throughout this Complaint.

PLAINTIFF'S FIRST AMENDED CIVIL
COMPLAINT FOR DAMAGES

Kristy M. Norwood, and Timothy P. Norwood,
a married couple, vs. HPA BORROWER 2018-LLC,
(d/b/a "Home Partners of America"); and OPVHHJV LL
(d/b/a "Pathlight Property Management")

**LAKE LAW, PLLC**
Morgan L Lake | WSBA 52789
3703 S. Edmunds St. #115
SEATTLE, WA. 98118
PH: (360) 499-2144

7.7     Defendants' failure to meet the duty of care imposed upon them by the RLTA, is negligence *per se.*

7.8     Defendant HPA and Defendant Pathlight are therefore jointly and severally liable to the Norwoods for actual damages, for costs of bringing this suit and attorney's fees, in addition to other forms of pain, suffering, and substantial mental anguish endured by the Norwoods and other such relief the Court may deem proper. RCW 59.18.290; RCW 4.84.030; RCW 4.56.250(1)(b).

### FIFTH CAUSE OF ACTION: CONSTRUCTIVE EVICTION FOR VIOLATION OF THE COVENANT OF QUIET ENJOYMENT

8.1     The Norwoods incorporate by reference the allegations set forth in each of the paragraphs of this pleading as though fully stated herein.

8.2     Constructive eviction occurs when landlords "intentionally or injuriously interferes with a tenancy, either by depriving the tenants of beneficial enjoyment of the leased property or materially impairing the tenant's enjoyment." Old City Hall LLC v. Pierce County AIDS Found., 181 Wn. App. 1, 8, 329 P.3d 83 (2014).

8.3     Plaintiffs who present facts sufficient to demonstrate the property like the one at issue was untenantable are constrictively evicted. *See,* 5 Thompson on Real Property, Second Thomas Edition § 41.03(c)(3), at 153-54 (David A. Thomas & N. Gregory Smith eds., 2007). "Premises are 'untenantable' if it is impossible or infeasible for the tenant to use them." 17 William B. Stoebuck & John W. Weaver, Washington Practice: Real Estate: Property Law § 6.32, at 352 (2d ed. 2004).[3]

---

[3] Leased premises are deemed "untenantable" for the purposes of constructive eviction under the quiet enjoyment covenant when "the premises are unfit for the purpose for which they are leased." 5 THOMPSON ON REAL PROPERTY § 40.22(c)(3)(i), at 144 (David A. Thomas ed., 1994). If the premises are "uninhabitable," they are certainly "untenantable." Tucker v. Hayford, 118 Wn. App. 246, 255, 75 P.3d 980 (2003).

PLAINTIFF'S FIRST AMENDED CIVIL
COMPLAINT FOR DAMAGES

Kristy M. Norwood, and Timothy P. Norwood,
a married couple, vs. HPA BORROWER 2018-LLC,
(d/b/a "Home Partners of America"); and OPVHHJV LL
(d/b/a "Pathlight Property Management")

**LAKE LAW, PLLC**
Morgan L Lake | WSBA 52789
3703 S. Edmunds St. #115
SEATTLE, WA. 98118
PH: (360) 499-2144

8.4     Under the RLTA, displaced tenants like the Norwoods shall:

> "… be entitled to recover any relocation assistance, prepaid deposits, and prepaid rent required by (b) of this subsection. In addition, displaced tenants shall be entitled to recover any actual damages sustained by them as a result of the condemnation, eviction, or displacement *that exceed the amount of relocation assistance that is payable.* In any action brought by displaced tenants to recover any payments or damages required or authorized by this subsection (3)(e) or (c) of this subsection that are not paid by the landlord or advanced by the city, town, county, or municipal corporation, the displaced tenants shall also be entitled to recover their costs of suit or arbitration and reasonable attorneys' fees.

RCW 59.18.085.

8.5     Washington State's legislature has granted authority to the governing body of each county to amend the state building code as it applies within the jurisdiction of the county or city. RCW 19.27.040.

8.6     Pierce County's Sewer Standards are promulgated by the Pierce County Public Works & Utilities Department's Sewer Utility Division and set forth in Chapter 13 of the Pierce County Code ("PCC"), which states landlords like Defendant HPA and Defendant Pathlight "*shall* be responsible for meeting and maintaining minimum standards for buildings" like the premises at issue." PCC 13.06.030.

8.7     In Pierce County, "it is unlawful or any landlord or property owner like Pathlight to "permit any human excrement …[to] be discharged into or be placed where they might find their way into … any part of the public sewer system." PCC 13.04.035.

8.8     The accumulation of human excrement described herein was known by the Defendants, and yet neither Defendant HPA, nor Defendant Pathlight made any reasonable effort to remedy the insanitary and dangerous conditions within the time frame set forth in RCW 59.18.070, in violation of the PCC. PCC 13.04.035.

PLAINTIFF'S FIRST AMENDED CIVIL
COMPLAINT FOR DAMAGES

LAKE LAW, PLLC
Morgan L Lake | WSBA 52789
3703 S. Edmunds St. #115
SEATTLE, WA. 98118
PH: (360) 499-2144

Kristy M. Norwood, and Timothy P. Norwood,
a married couple, vs. HPA BORROWER 2018-LLC,
(d/b/a "Home Partners of America"); and OPVHHJV LL
(d/b/a "Pathlight Property Management")

8.9     The substandard, insanitary and dangerous living conditions described throughout the property at issue made it impossible or infeasible for the Norwoods to consistently access or utilize substantial portions of the property throughout the entirety of their tenancy, including all three bathrooms. The ongoing exposure to human waste prevented the Norwoods from being able to consistently address the most basic of hygiene and self-care related needs. Defendants' failure to meet the standard of care imposed upon each of them by the RLTA made the premises at issue untenantable and deprived the Norwoods of beneficial enjoyment of the leased property or materially impaired the Norwood's enjoyment of the property at issue.

8.10    Defendant HPA and Defendant Pathlight therefore breached the covenant of quiet enjoyment and constructively evicted the Norwoods, who suffered injuries in an amount that exceeds the statutory limit of $2,000.00. RCW 59.18.085(3)(a), (b), and (c).

8.11    Defendant HPA and Defendant Pathlight are therefore jointly and severally liable to the Norwoods for the greater of three months' rent or treble the actual damages sustained as a result of the violations described herein, in addition to costs of bringing this suit and attorney's fees. RCW 59.18.085(2).[4]

## X.  PRAYER FOR RELIEF

WHEREFORE, the Norwoods pray for an award of the following relief from the Defendants HPA BORROWER 2018-LLC, (d/b/a "Home Partners of America") and OPVHHJV LL (d/b/a "Pathlight Property Management") in the form of:

---

[4] The legislative intent of RCW 59.18.085 was "to provide enforcement mechanisms to cities, towns, counties, or municipal corporations including the ability to advance relocation funds to tenants who are displaced as a result of a landlord's failure to remedy building code or health code violations and later to collect the full amounts of these relocation funds, along with interest and penalties, from landlords." LAWS OF 2005, ch. 364, § 1 (emphasis added).

PLAINTIFF'S FIRST AMENDED CIVIL
COMPLAINT FOR DAMAGES

Kristy M. Norwood, and Timothy P. Norwood,
a married couple, vs. HPA BORROWER 2018-LLC,
(d/b/a "Home Partners of America"); and OPVHHJV LL
(d/b/a "Pathlight Property Management")

**LAKE LAW, PLLC**
Morgan L Lake | WSBA 52789
3703 S. Edmunds St. #115
SEATTLE, WA. 98118
PH: (360) 499-2144

1.   Judgment against the Defendants, jointly and severally, in an amount to be

determined, for each of the causes of action pled above;

2.   Pre-judgment and post-judgment interest on all damages as provided by law;

3.   Actual damages, pursuant to RCW 4.84.330; 59.18.290(1); 59.18.085(2); RCW

59.18.085(3)(c); and RCW 59.18.085(3)(e);

4.   Excess rent paid for diminution in rental value of the premises at issue from the

time notice of such defects was first disclosed, pursuant to RCW 59.18.100(b);

5.   Reimbursement for relocation fees, including three months' rent or treble the

actual damages sustained by the Norwoods, pursuant to RCW 59.18.085(2), RCW

59.18.085(3)(c), and RCW 59.18.085(3)(e);

6.   Extraordinary remedies, pursuant to RCW 59.18.115(1);

7.   Non-economic damages for pain, suffering, and substantial mental anguish,

pursuant to RCW 4.56.250(1)(b);

8.   An award of the Norwood's attorney's fees and costs incurred in bringing this

action, as permitted by court rules, contract, statute, equitable doctrine, or case

law; and

9.   Such other relief as may be just and equitable.

DATED this October 27th, 2021.

**/s/ Morgan L. Lake**
Morgan L. Lake | WSBA #52789
Attorney for Plaintiffs
3703 S. Edmunds St. #115
SEATTLE, WA. 98118
PH: (206) 536-2830

PLAINTIFF'S FIRST AMENDED CIVIL
COMPLAINT FOR DAMAGES

Kristy M. Norwood, and Timothy P. Norwood,
a married couple, vs. HPA BORROWER 2018-LLC,
(d/b/a "Home Partners of America"); and OPVHHJV LL
(d/b/a "Pathlight Property Management")

**LAKE LAW, PLLC**
Morgan L Lake | WSBA 52789
3703 S. Edmunds St. #115
SEATTLE, WA. 98118
PH: (360) 499-2144

1

2

3

4

5

6

7

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON**
**IN AND FOR THE COUNTY OF PIERCE**

8

9

10

11

12

13

14

15

16

17

18

| | |
|---|---|
| KRISTY M. NORWOOD, and TIMOTHY P. NORWOOD, a married couple,<br><br>                          Plaintiffs,<br><br>vs.<br><br>HPA BORROWER 2018-LLC, (d/b/a "Home Partners of America"), a foreign limited liability company licensed to do business in Washington State; and OPVHHJV LL (d/b/a "Pathlight Property Management") a foreign limited liability company licensed to do business in Washington State,<br><br>                          Defendants. | CASE NO.   21-2-0802405<br><br><br>EXHIBITS A-O TO PLAINTIFFS' FIRST AMENDED CIVIL COMPLAINT FOR DAMAGES |

19

20

    Please find attached herewith Exhibits A-O, which accompany Plaintiffs' First Amended Civil Complaint for Damages.

21

    Respectfully submitted this October 27th, 2021.

22

23

24

                                        By:

                                        /s/ Morgan L. Lake
                                        Morgan L. Lake, WSBA #52789
                                        Attorney for the Plaintiffs

25

**EXHIBITS A-0 TO PLAINTIFFS' FIRST AMENDED CIVIL COMPLAINT FOR DAMAGES**

Kristy M. Norwood, and Timothy P. Norwood, a married couple, vs. HPA BORROWER 2018-LLC (d/b/a "Home Partners of America); and OPVHHJV LL (d/b/a "Pathlight Property Management")

**LAKE LAW, PLLC**
Morgan L. Lake | WSBA 52789
3703 S. Edmunds St. #115
SEATTLE, WA. 98118
PH: (360) 499-2144
**morgan@morganlakelaw.com**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

# EXHIBITS A – O

**PLAINTIFF'S EXHIBITS A-0**

PLAINTIFF'S CIVIL COMPLAINT FOR DAMAGES

**LAKE LAW, PLLC**
Morgan L. Lake | WSBA 52789
3703 S. Edmunds St. #115
SEATTLE, WA. 98118
PH: (360) 499-2144
morgan@morganlakelaw.com

- 1

WO#B4757672 ................ The tree in the front yard needs to be trimmed. If a branch breaks it is going to take out powerlines and or hurt someone. This should have been done long before I moved in. With winter around the corner, it needs to be dealt with. I will not be held responsible for any damage caused by this tree.

Created: 8-24-19

Completed: Still open

Notes: Pathlight told me, per my lease agreement that it is now my problem to deal with.

WO#B5096729 ................. Ceiling damaged due to roof leaking.

Created: 11-21-19

Completed: 11-29-19

Notes: No resolution currently.

WO#B5348909 ................ The ceiling in the room off the kitchen is getting moldy because the roof is leaking. It needs to be fixed ASAP!

Created: 2-1-20

Completed: Ceiling is still moldy and discolored. No resolution.

WO#B5367317 ............... There is an active leak in the house.

Created: 2-6-20

Completed: Still open

Notes: There is an active leak in the home since October. The roofer's state they need dry weather to complete the job. We need it tarped to protect the home.

WO#B5367477 ................ The oven doesn't heat up and the door doesn't close. I must tie it closed with a rope.

Created: 2-6-19

Completed: Still open.

Notes: The oven doesn't heat up and the door doesn't close. I must tie it closed with a rope. The oven takes 30 minutes to heat up.

WO#B5374879 …………… I would like to have a peep hole put into the front door for security. I can't have my wife just open the front door without being able to see who is out there.

Created: 2-8-20

Completed: 2-9-20

Notes: I was told that they wouldn't do it.

WO#B5420265 …………… There are 3 places in the same room that is leaking water.

Created: 2-20-20

Completed: 2-27-20

Notes: The roof was only tarped, not fixed.

WO#B5420289 ……………… Ceiling in the room off the kitchen is still in need of repair.

Created: 2-20-20

Completed: Nothing was done

Notes: Possible recall of WO#B5096729 created to address the ceiling damage caused by the roof leak.

WO#B5447664 …………… The oven doesn't heat up and the door doesn't close. I must tie it closed with a rope.

Created: 2-28-20

Completed: Oven was ordered.

Notes: The oven doesn't heat up and the door doesn't close. I must tie it closed with a rope.

WO#B5475896 ……………… The oven doesn't heat up and the door doesn't close. I must tie it closed with a rope.

Created 3-6-20

Completed: 3-18-20

Notes: Oven was replaced.

WO#B5526746 ............. The roof is still leaking.

Created: 3-20-20

Completed: Still open.

Notes: Clients requests JBS Eagles Inc. quote in WO#B5449131 be pushed back through for approval review on roof repair. I MADE NO SUCH REQUEST. I JUST KEPT TELLING THEM THE ROOF WAS LEAKING.


WO#B5544793 ................. The bathroom fan is making a squealing noise.

Created: 3-26-20

Completed: 4-28-20

Notes: Fan was replaced.


WO#B5597677 ................. Roofer on site.

Created: 4-13-20

Completed: 4-16-20

Notes: The roofer onsite found that the roof needed an additional 7 sheets of plywood and 12x20 section of torch down.


WO#B5597886 ................. Roof leak.

Created: 4-13-20

Completed: 4-16-20

Notes: Per vender in WO#B5420265, an entire roof replacement is needed due to damage/leak issues. Full roof replacement needed.


WO#B5880366 .............. Ceiling damage and insulation.

Created: 6-25-20

Completed: Still open. No resolution.

Notes: Techs state, the roof has been replaced. There is no active leaking, however the ceiling was damaged by the leak. It looks like we have a mold problem now. Wet insulation wasn't removed, nor was the wet drywall replace.

WO#B6254769 ...................... This is a massive tree. The branches are at least a foot in diameter. One is hanging out over the driveway and power lines to the house. The other is over the front of the house. If these branches were to break someone could be seriously hurt. This tree is way out of my league.

Created: 9-25-20

Completed: Still an issue. No resolution.

Notes. Pathlight closed this matter without giving me an answer. I assume as before; they consider this my problem.

WO#B6254771 .................... Tree needs trimming.

Created: 9-25-20

Completed: Still an issue. No resolution.

Notes: Notes. Pathlight closed this matter without giving me an answer. I assume as before; they consider this my problem.

WO#B6266269 ................. We are still having issues with all the bathroom. Showers, tubs, washer, and toilets are still backing up. Please help!!!! Everything is backed up.

Created: 9-28-20

Completed: 10-1-20

Notes: My PHD Pluming came out and unplugged the line. As before he told me it would continue to happen due to a dip in the line under the house.

WO#B6312681 .............. We are still having issues with all the bathroom. Showers, tubs, washer, and toilets are still backing up.

Created: 10-9-20

Completed: Cancelled on 10-15-20

Notes: Per technician in WO#B6266269, "there is a huge root ball blocking 90 % of this sewer line under the tree. This should be addressed, or a clogging issue will continue to happen.

WO#B6334521 ................. We are still having issues with all the bathroom. Showers, tubs, washer, and toilets are still backing up.

Created: 10-15-20

WO#B6357417 ................... Ceiling damage and insulation.

Created:10-22-20

Completed: 10-27-20

Notes: Still open. No resolution.

WO#B6358023 ................ We are still having issues with all the bathroom. Showers, tubs, washer, and toilets are still backing up.

Created: 10-22-20

Completed: Still open. Pending more information.

WO#B6374772 ............... These openings lead to under the house and need to be sealed up.

Created: 10-27-20

Completed: Still an issue.

Notes: No one ever cam out to see.

WO#B6389123 .................... We are still having issues with all the bathroom. Showers, tubs, washer, and toilets are still backing up. This has been an issue for the past 2 months.

Created: 10-30-20

Completed: Still open. Pending more information.

Notes: Pending more information.

WO#B6389386 ................. Rats under the house.

Created: 10-30-20

Complete: Still open.

Notes: I was called on 10-30-20 at 6 p.m by Pathlight maintenance. They asked me if I saw rats under the house. I told them everyone has rats. They said they needed to set traps under to house. I feel like this is an other stall tactic.

Completed: 10-22-20

Notes: Harts Services came out to look under the house. That's when we found out the real problem. All the pipes under the house were rotted out and leaking. They had been for some time. The main sewer line is broken and leaking raw sewage under the house. Estimate $30K to fix it. Meanwhile we are still living with raw sewage.

Notes: Resident states their toilets are backing up and they have had continual problems with their plumbing and sewer line. WO#B4121442, #B4453114, #B6189714, #B6216985, #B6266269, #B6274874, #B6312681. Resident states they must wait for 1 hour to reset the toilets and they are unable to use the showers. Resident states if they use the bathroom sink, they cannot use the toilets because the water fills up the pipe. Per technician, in #B6266269, "there is a huge root ball blocking 90 % of this sewer line under the tree. This should be addressed, or a clogging issue will continue to happen.

On 10-16-20 I paid Roto Rooter to come out and unplug the line so we could at least use the bathrooms for a bit. The line will continue to plug up until in is fixed properly.

WO#B6357417 ................... Ceiling damage and insulation.

Created:10-22-20

Completed: 10-27-20

Notes: No resolution. Ceiling is still the same.

Notes: Resident is reporting discoloration in ceiling. Please sent remediation company to take care of the issue. Then once remediation is complete, we need to do an air test to confirm AQ.

WO#B6358023 ................ We are still having issues with all the bathroom. Showers, tubs, washer, and toilets are still backing up.

Second opinion, there are 2 reported issues. (1) Please video inspect the main sewer and make recommendations, the video must be submitted with the proposal. (2) Please inspect for leaking sewer line in the crawlspace.

Created: 10-22-20

Completed: Still open. Pending more information.

WO#B6374772 .............. These openings lead to under the house and need to be sealed up.

Created: 10-27-20

Completed: Still an issue.

Notes: No one ever came out to see the problem. I was sent an email telling me, it is my responsibility. The house was rented as is.

WO#B5992983 ............... Ceiling damage and insulation.

Created: 7-22-20

Completed: Still open. No resolution.

Notes: Notes: Techs state, the roof has been replaced. There is no active leaking, however the ceiling was damaged by the leak. It looks like we have a mold problem now. Wet insulation wasn't removed, nor was the wet drywall replace.

WO#B6043598 ................. The pod soap dispenser spring is broken.

Created: 8-3-20

Completed: 8-24-20

Notes: New dispenser was installed. Issue resolved.

WO#B6189714 ................. All sinks, tubs, showers and toilets are backed up.

Created: 9-8-20

Completed: 9-14-20

Notes: My PHD Pluming came out and unplugged the line. He also told me it would continue to happen due to a dip in the line under the house.

WO#B6216985 ............... All sinks, tubs, showers and toilets are backed up.

Created: 9-15-20

Completed: 9-18-20

Notes: My PHD Pluming came out and unplugged the line. As before he told me it would continue to happen due to a dip in the line under the house.

WO#B6251643 ................. The ceiling in the room off the garage is coming down, due to a leak. This was caused by ivy and a tree that has been stuck to the house foe a very long time.

Created: 9-24-20

Completed: 10-12-20

Notes: The roof was replaced, however the ceiling in the room hasn't been fixed.







EXHIBIT "A" TO NOTICE OF REMOVAL, Page 70 of 120



EXHIBIT "A" TO NOTICE OF REMOVAL, Page 71 of 120





**EXHIBIT "A" TO NOTICE OF REMOVAL, Page 73 of 120**



Mail - Morgan Lake - Outlook



//outlook.office.com/mail/id/AAQkAGU1Y2M4YTJhLTY4N2UtNGZkOC04MGJlLTVlOWU5OTZmYzIxNwAQAB5B9I5HyqxKmzFr5bxikeo%3D?popoutv2=1&version=20210412005.10

**EXHIBIT "A" TO NOTICE OF REMOVAL, Page 75 of 120**

Mail - Morgan Lake - Outlook



EXHIBIT "A" TO NOTICE OF REMOVAL, Page 76 of 120



null / ALL
**Transmittal Number: 23996039**
**Date Processed: 10/30/2021**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Jonathan Babb<br>Home Partners of America<br>120 S Riverside Plz<br>Ste 2000<br>Chicago, IL 60606-6995 |
| **Electronic copy provided to:** | Crystal Adams<br>Konrad Hojdus<br>Brian Neighbarger<br>Konrad Hojdus |

| | |
|---|---|
| **Entity:** | OPVHHJV, LLC<br>Entity ID Number  3378258 |
| **Entity Served:** | OPVHHJV LL |
| **Title of Action:** | Kristy M. Norwood vs. HPA Borrower 2018-LLC (d/b/a "Home Partners of America") |
| **Document(s) Type:** | Summons and Amended Complaint |
| **Nature of Action:** | Property |
| **Court/Agency:** | Pierce County Superior Court, WA |
| **Case/Reference No:** | 21-2-0802405 |
| **Jurisdiction Served:** | Washington |
| **Date Served on CSC:** | 10/28/2021 |
| **Answer or Appearance Due:** | 20 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Morgan L. Lake<br>360-499-2144 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

E-FILED
IN COUNTY CLERK'S OFFICE
PIERCE COUNTY, WASHINGTON

October 27 2021 12:37 PM

KEVIN STOCK
COUNTY CLERK
NO: 21-2-08024-5

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF PIERCE**

| | |
|---|---|
| KRISTY M. NORWOOD, and TIMOTHY P. NORWOOD, a married couple, | |
| Plaintiffs, | CASE NO.  21-2-0802405 |
| vs. | |
| HPA BORROWER 2018-LLC, (d/b/a "Home Partners of America"), a foreign limited liability company licensed to do business in Washington State; and OPVHHJV LL (d/b/a "Pathlight Property Management") a foreign limited liability company licensed to do business in Washington State, | PLAINTIFFS' FIRST AMENDED CIVIL SUMMONS (20 Days) |
| Defendants. | |

TO:          **CLERK OF THE ABOVE-LISTED COURT;**
AND TO:   **DEFENDANT, HPA BORROWER 2018-LLC;**
AND TO:   **DEFENDANT, OPVHHJV LL**

**TO THE DEFENDANTS:** A lawsuit has been started against you in the above entitled court by Plaintiffs, KRISTY M. NORWOOD, and TIMOTHY P. NORWOOD, by and through their attorney, Morgan L. Lake of Lake Law, PLLC.  Plaintiffs' claims are stated in the written complaint, a copy of which is served upon you with this summons.

**PLAINTIFFS' FIRST AMENDED
CIVIL SUMMONS (20 Days)**

Kristy M. Norwood, and Timothy P. Norwood, a
married couple, vs. HPA BORROWER 2018-LLC
(d/b/a "Home Partners of America); and OPVHHJV LL
(d/b/a "Pathlight Property Management")

**LAKE LAW, PLLC**
Morgan L. Lake | WSBA 52789
3703 S. Edmunds St. #115
SEATTLE, WA. 98118
PH: (360) 499-2144
morgan@morganlakelaw.com

In order to defend against this lawsuit, you must respond to the complaint by stating your defense in writing, and by serving a copy upon the person signing this summons within 20 days after the service of this summons, excluding the day of service, or a default judgment may be entered against you without notice. A default judgment is one where plaintiff is entitled to what he asks for because you have not responded. If you serve a notice of appearance on the undersigned person, you are entitled to notice before a default judgment may be entered.

You may demand that the plaintiff file this lawsuit with the court. If you do so, the demand must be in writing and must be served upon the person signing this summons. Within 14 days after you serve the demand, the plaintiff must file this lawsuit with the court, or the service on you of this summons and complaint will be void.

If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time. This summons is issued pursuant to rule 4 of the Superior Court Civil Rules of the State of Washington.

DATED this October 27th, 2021.

By: /s/ Morgan L. Lake
Morgan L. Lake, WSBA #52789
Attorney for the Plaintiffs

NOTICE: State and federal law provide protections to defendants who are on active duty in the military service, and to their dependents. Dependents of a service member or the service member's spouse, the service member's minor child, or an individual for whom the service member provided more than on-half of the individual's support for one hundred eighty days immediately preceding an application for relief.

One protection provided is the protection against the entry of a default judgment in certain circumstances. This notice only pertains to a defendant who is a dependent of a member of the national guard or a military reserve component under a call to active service for a period of time of more than thirty consecutive days. Other defendants in military service also have protections against default judgments not covered by this notice. If you are the dependent of a member of the national guard or a military reserve component under a call to active service for a period of more than thirty consecutive days, you should notify the plaintiff or the plaintiff's attorneys in writing of your status as such within twenty days of the receipt of this notice. If you fail to do so, then a court or an administrative tribunal may presume that you are not a dependent of an active duty member of the national guard or reserves, and proceed with the entry of an order of default and/or a default judgment without further proof of your status. Your response to the plaintiff or plaintiff's attorney(s) about your status does not constitute an appearance for jurisdictional purposes in any pending litigation nor a waiver of your rights.

PLAINTIFFS' FIRST AMENDED
CIVIL SUMMONS (20 Days)

Kristy M. Norwood, and Timothy P. Norwood, a
married couple, vs. HPA BORROWER 2018-LLC
(d/b/a "Home Partners of America); and OPVHHJV LL
(d/b/a "Pathlight Property Management")

LAKE LAW, PLLC
Morgan L. Lake | WSBA 52789
3703 S. Edmunds St. #115
SEATTLE, WA. 98118
PH: (360) 499-2144
morgan@morganlakelaw.com

E-FILED
IN COUNTY CLERK'S OFFICE
PIERCE COUNTY, WASHINGTON

October 26 2021 11:46 AM

KEVIN STOCK
COUNTY CLERK
NO: 21-2-08024-5

## SUPERIOR COURT OF WASHINGTON FOR PIERCE COUNTY
## CASE COVER SHEET / CIVIL CASE

Case Title KIRSTY P. AND NORWOOD, TIMOTHY P. NORWOOD VS. HPA BORROWER 2

Atty/Litigant Morgan Lake

Address 3703 S EDMUNDS ST # 115

City SEATTLE                           State WA

Case Number 21-2-08024-5

Bar# 52789   Phone (360) 499-2144

Zip Code 98118

Email Address

Please check one category that best describes this case for indexing purposes.

*If you cannot determine the appropriate category, Please describe the cause of action below.  This will create a Miscellaneous cause which is not subject to PCLR 3.*

**APPEAL / REVIEW**
___Administrative Law Review (ALR 2) REV 6
___Civil, Non-Traffic (LCA 2) REV 6
___Civil, Traffic (LCI 2) REV 6
___Land Use Petition (LUP 2) LUPA

**CONTRACT / COMMERCIAL**
✔ Breach of Contract, Commercial Non-Contract
   or Commercial-Contract (COM 2) STANDARD
___Third Party Collection (COL 2) REV 4

**JUDGEMENT**
___Judgement, Another County or Abstract
   Only (ABJ 2) Non PCLR
___Transcript of Judgement (TRJ 2) Non PCLR
___Foreign Judgement Civil or Judgement,
   Another State (FJU 2) Non PCLR

**TORT / MOTOR VEHICLE**
___Death, Non-Death Injuries or Property
   Damage Only (TMV 2) STANDARD

**TORT / NON MOTOR VEHICLE**
___Other Malpractice (MAL 2) COMPLEX
   Personal Injury (PIN 2) STANDARD
___Property Damage (PRP 2) STANDARD
   Wrongful Death (WDE 2) STANDARD
___Other Tort, Products Liability or Asbestos
   (TTO 2) COMPLEX

**PROPERTY RIGHTS**
___Condemnation (CON 2) STANDARD
___Foreclosure (FOR 2) REV 4
___Property Fairness (PFA 2) STANDARD
   Quiet Title (QTI 2) STANDARD
   Unlawful Detainer / Eviction (UND 2) REV 4
___Unlawful Detainer / Contested (UND 2) REV 4

**OTHER COMPLAINT OR PETITION**
___Compel/Confirm Bind Arbitration, Deposit of
   Surplus Funds, Interpleader, Subpoenas, Victims'
   Employment Leave, or Wireless Number Disclosure,
   Miscellaneous (MSC 2) REV 4
___Injunction (INJ 2) REV 4
___Malicious Harassment (MHA 2) Non PCLR
   Meretricious Relationship (MER 2) REV 4
___Minor Settlement/No Guardianship (MST2) REV 4
___Pet for Civil Commit/Sex Predator (PCC2) REV 4
___Property Damage Gangs (PRG 2) REV 4
___Relief from Duty to Register (RDR) REV 12
___Restoration of Firearm Rights (RFR 2) REV 4
___Seizure of Property/Comm. of Crime (SPC2) REV 4
___Seizure of Property Result from Crime (SPR2) REV 4
___Trust/Estate Dispute Resolution (TDR2) REV 12
___Restoration of Opportunity (CRP) REV 4

**TORT / MEDICAL MALPRACTICE**
___Hospital, Medical Doctor, or Other Health Care
   Professional (MED2) COMPLEX

**WRIT**
___Habeas Corpus (WHC 2) REV 4
___Mandamus (WRM 2) REV 4
   Review (WRV 2) REV 4
___Miscellaneous Writ (WMW 2) REV 4

**MISCELLANEOUS**_____

EXHIBIT "A" TO NOTICE OF REMOVAL, Page 80 of 120

E-FILED
IN COUNTY CLERK'S OFFICE
PIERCE COUNTY, WASHINGTON

October 26 2021 11:46 AM

KEVIN STOCK
COUNTY CLERK
NO: 21-2-08024-5

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR PIERCE COUNTY**

KRISTY P., AND NORWOOD, TIMOTHY P.
NORWOOD

        Plaintiff(s)

Vs.

HPA BORROWER 2018-LLC

        Defendant(s)

No. 21-2-08024-5

ORDER SETTING CASE SCHEDULE

Type of case:           COM
Estimated Trial (days):
Track Assignment:     Standard
Assignment Department:  03
Docket Code:        **ORSCS**

| | |
|---|---|
| Confirmation of Service | 11/23/2021 |
| Confirmation of Joinder of Parties, Claims and Defenses | 2/22/2022 |
| Jury Demand | 3/1/2022 |
| Plaintiff's/Petitioner's Disclosure of Primary Witnesses | 4/19/2022 |
| Defendant's/Respondent's Disclosure of Primary Witnesses | 5/17/2022 |
| Disclosure of Rebuttal Witnesses | 7/5/2022 |
| Deadline for Filing Motion to Adjust Trial Date | 8/2/2022 |
| Discovery Cutoff | 9/6/2022 |
| Exchange of Witness and Exhibit Lists and Documentary Exhibits | 9/20/2022 |
| Joint Statement of Evidence | 9/27/2022 |
| Deadline to file Certificate or Declaration re: Alternative Dispute Resolution | 9/27/2022 |
| Deadline for Hearing Dispositive Pretrial Motions | 9/27/2022 |
| Pretrial Conference | Week of 10/11/2022 |
| Trial | 10/25/2022 9:00 |

**NOTICE TO PLAINTIFF/PETITIONER**

If the case has been filed, the plaintiff shall serve a copy of the Case Schedule on the defendant(s) with the summons and complaint/
petition: Provided that in those cases where service is by publication the plaintiff shall serve the Case Schedule within five (5) court days
of service of the defendant's first response/appearance. If the case has not been filed, but an initial pleading is served, the Case Schedule
shall be served within five (5) court days of filing. See PCLR 3.

**NOTICE TO ALL PARTIES**

All attorneys and parties shall make themselves familiar with the Pierce County Local Rules, particularly those relating to case
scheduling. Compliance with the scheduling rules is mandatory and failure to comply shall result in sanctions appropriate to the
violation. If a statement of arbitrability is filed, PCLR 3 does not apply while the case is in arbitration.

Dated: October 26, 2021

Judge Michael E. Schwartz
Department 03

linxcrt/supAdmin/orscs.rptdesign

**EXHIBIT "A" TO NOTICE OF REMOVAL, Page 81 of 120**

E-FILED
IN COUNTY CLERK'S OFFICE
PIERCE COUNTY, WASHINGTON

October 27 2021 2:32 PM

KEVIN STOCK
COUNTY CLERK
NO: 21-2-08024-5

# IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
## IN AND FOR THE COUNTY OF PIERCE

KRISTY M. NORWOOD, and
TIMOTHY P. NORWOOD, a
married couple,

                    Plaintiffs,

            vs.

HPA BORROWER 2018-LLC,
(d/b/a "Home Partners of America"),
a foreign limited liability company
licensed to do business in the State
of Washington; and OPVHHJV LL
(d/b/a "Pathlight Property
Management") a foreign limited
liability company licensed to do
business in Washington State,

                    Defendants.

CASE NO.   21-2-08024-5

PLAINTIFFS' FIRST AMENDED CIVIL
COMPLAINT FOR DAMAGES

**COMES NOW** Plaintiffs, KRISTY M. NORWOOD and TIM P. NORWOOD, by and through their attorney, Morgan L. Lake of Lake Law, PLLC, and bring this action against HPA BORROWER 2018-LLC, (d/b/a "Home Partners of America"), and OPVHHJV LL (d/b/a "Pathlight Property Management") ("the Defendants") (collectively, "the Parties") alleging as follows:

PLAINTIFF'S FIRST AMENDED CIVIL
COMPLAINT FOR DAMAGES

Kristy M. Norwood, and Timothy P. Norwood,
a married couple, vs. HPA BORROWER 2018-LLC,
(d/b/a "Home Partners of America"); and OPVHHJV LL
(d/b/a "Pathlight Property Management")

**LAKE LAW, PLLC**
Morgan L Lake | WSBA 52789
3703 S. Edmunds St. #115
SEATTLE, WA. 98118
PH: (360) 499-2144

## I.   PARTIES

**Plaintiffs, Kristy M. Norwood, and Tim P. Norwood:**

1.1   Plaintiffs, Kristy M. Norwood, and Timothy N. Norwood (hereinafter "the Plaintiffs" or "the Norwoods") are natural persons and residents of Washington State.

1.2   The Norwoods are individually and collectively a "person" as defined by RCW 59.18.030(21), and "tenant[s]" as defined by RCW 59.18.030(34).

**Defendant, HPA BORROWWER 2018-LLC:**

1.3   Defendant, HPA BORROWER 2018-LLC (d/b/a "Home Partners of America") (hereinafter "Defendant HPA") is a foreign limited liability company headquartered at 120 S RIVERSIDE PLZ, SUITE 2000, CHICAGO, IL, 60606-3913, duly licensed to do business as a residential real estate company that buys, sells and leases properties in Washington State under UBI: 603-331-490.

1.4   Defendant HPA is therefore a "landlord" as defined by RCW 59.18.030(16), a "person" as defined by RCW 59.18.030(21), and a "property owner" as defined by the Pierce County Code ("PCC"). PCC 13.04.010.

**Defendant, OPVHHJV LL (d/b/a "Pathlight Property Management"):**

1.5   Defendant OPVHHJV LL (d/b/a "Pathlight Property Management") (hereinafter "Defendant Pathlight") is a Foreign Limited Liability Company incorporated at 6500 International Pkwy STE 1100, Plano, TX 75093-8363, duly licensed to do business in the area of real estate in Washington State under UBI: 603-436-181.

1.6   Defendant Pathlight is therefore a "landlord" as defined by RCW 59.18.030(16), a "person" as defined by RCW 59.18.030(21), and a "property owner" as defined by PCC 13.04.010.

PLAINTIFF'S FIRST AMENDED CIVIL
COMPLAINT FOR DAMAGES

Kristy M. Norwood, and Timothy P. Norwood,
a married couple, vs. HPA BORROWER 2018-LLC,
(d/b/a "Home Partners of America"); and OPVHHJV LL
(d/b/a "Pathlight Property Management")

LAKE LAW, PLLC
Morgan L Lake | WSBA 52789
3703 S. Edmunds St. #115
SEATTLE, WA. 98118
PH: (360) 499-2144

## II.   JURISDICTION AND VENUE

2.1     Personal jurisdiction is proper in Pierce County, Washington because the Plaintiffs resided in Pierce County, Washington at all relevant times the events described throughout this Complaint occurred; Defendants conduct business within Pierce County, Washington; the Property Lease Agreement between the Parties was executed in Pierce County, Washington; and each of the breaches and other wrongful acts alleged herein took place in Pierce County, Washington. RCW 2.08.010.

2.2     Venue is proper in Pierce County Superior Court for this action pursuant to RCW 4.12.010 as all of the events alleged herein occurred in Pierce County, Washington. RCW 4.12.010.

## III.   RELEVANT FACTS

3.1     On February 20th, 2019, the Norwoods entered into a one-year lease agreement with Defendant HPA for a residence located at 711 Le-Lou-WA Pl NE, Tacoma, WA. 98422, with the Norwood's rent payments set at $2,395.00 per month.

3.2     On November 21, 2019, the Norwoods notified Defendants that their property's ceiling was leaking. *Exhibit A.*

3.3     On February 1st, 2020, the Norwoods notified the Defendants that "the ceiling in the room adjacent to the kitchen was getting moldy [due] to the roof leaking [and] needed to be fixed ASAP!" *Exhibit B.*

3.4     On February 6th, 2020, the Norwoods notified the Defendants that there "[was] and active leak in the house." *Exhibit C.*

3.5     On February 20, 2020, the Norwoods notified the Defendants that the "ceiling in the room [adjacent] to the kitchen [was] still in need of repair." *Exhibit D.*

PLAINTIFF'S FIRST AMENDED CIVIL
COMPLAINT FOR DAMAGES

Kristy M. Norwood, and Timothy P. Norwood,
a married couple, vs. HPA BORROWER 2018-LLC,
(d/b/a "Home Partners of America"); and OPVHHJV LL
(d/b/a "Pathlight Property Management")

**LAKE LAW, PLLC**
Morgan L Lake | WSBA 52789
3703 S. Edmunds St. #115
SEATTLE, WA. 98118
PH: (360) 499-2144

3.6     On June 25th, 2020, the Norwoods notified the Defendants, that damage to their ceiling and insulation required repair. *Exhibit E.*

3.7     On July 22nd, 2020, the Norwoods again notified the Defendants, that damage to the ceiling and insulation required repair. *Exhibit F.*

3.8     On or about September 1st, 2020, Kristy Norwood began to suffer from open sores on her scalp, extreme anxiety, and impaired breathing as a result of being exposed to the substandard and dangerous living conditions described herein.

3.9     On September 28th, 2020, the Norwoods notified the Defendants that "all sinks, tubs, showers and toilets were backed up." *Exhibit G.*

3.10    On September 15th, 2020, the Norwoods again notified the Defendants that "all sinks, tubs, showers and toilets were backed up." *Exhibit H.*

3.11    On October 15th, 2020, the Norwoods notified the Defendants for a third time that "all sinks, tubs, showers and toilets were backed up." *Exhibit I.*

3.12    On October 21st, 2020, Defendant Pathlight contacted Harts Services ("Harts"), a local residential plumbing and sewer pipe expert, and directed Harts to inspect the plumbing for the property at issue. Harts determined all waste lines from the property's side sewer needed immediate replacement. During the inspection of the pipeline, Harts discovered the main sewer pipe for the property at issue had been completely broken in two, which allowed for open sewage to escape the pipeline and run directly underneath the Norwoods' home. Harts also identified numerous rotted and cracked pipes throughout the underside of the home that required immediate repair due to sewage leaking. The estimate to complete the necessary work was $30,559.73.  Neither Defendant HPA, nor Defendant Pathlight took any action thereafter to address the health and safety concerns related to broken pipeline or open sewage running underneath the subject premises. *Exhibit J*

PLAINTIFF'S FIRST AMENDED CIVIL
COMPLAINT FOR DAMAGES

Kristy M. Norwood, and Timothy P. Norwood,
a married couple, vs. HPA BORROWER 2018-LLC,
(d/b/a "Home Partners of America"); and OPVHHJV LL
(d/b/a "Pathlight Property Management")

**LAKE LAW, PLLC**
Morgan L Lake | WSBA 52789
3703 S. Edmunds St. #115
SEATTLE, WA. 98118
PH: (360) 499-2144

3.13   On October 22nd, 2020, the Norwoods notified the Defendants for a fourth time that damage to the ceiling and insulation required repair." *Exhibit K.*

3.14   On October 22nd, 2020, the Norwoods notified the Defendants for a fourth time that "[they] were still having issues with all bathroom[s], and that "[s]howers, tubs, washer, and the toilets [were] still backing up." *Exhibit L.*

3.15   On October 30, 2020, the Norwoods notified the Defendants for a fifth time that [they] were still having issues with all bathroom[s], showers, tubs, and [also] that the toilets in the residence at issue were still backing up." *Exhibit M.*

3.16   On October 30th, 2020, the Norwoods notified the Defendants that there were "rats under the house." *Exhibit N.*

3.17   On November 17th, 2020, the Norwoods paid for a certified mold inspector to assess their home due to Defendant HPA's and Defendant Pathlight's failure to address notices related to leaks throughout the premises and growing concerns over Kristy Norwood's respiratory issues. The inspection produced "Mold Scores" of "HIGH" in the Kitchen/Dining Area, the NE Crawlspace, and the Garage Bedroom.

3.18   On or about December 1, 2020, and as a direct result of Defendant HPA's failure to remedy the substandard living conditions and subsequent health concerns, the Norwoods were forced to vacate the premises at issue and search for a new residence at the height of the global SARS-CoV-2 pandemic (aka "COVID-19").

3.19   On or about December 1st, 2020, and at the height of the global COVID-19 pandemic, the Norwoods paid a household moving services company $2,600.00 to pack and store their belongings and an additional $350.00 for a U-Haul truck and other supplies. *Exhibit 0.*

PLAINTIFF'S FIRST AMENDED CIVIL
COMPLAINT FOR DAMAGES

Kristy M. Norwood, and Timothy P. Norwood,
a married couple, vs. HPA BORROWER 2018-LLC,
(d/b/a "Home Partners of America"); and OPVHHJV LL
(d/b/a "Pathlight Property Management")

**LAKE LAW, PLLC**
Morgan L Lake | WSBA 52789
3703 S. Edmunds St. #115
SEATTLE, WA. 98118
PH: (360) 499-2144

# IV.  CAUSES OF ACTION

## A. BREACH OF IMPLIED WARRANTY OF HABITABILITY (RCW 59.18.060)

4.1     The Norwoods incorporate by reference the allegations set forth in each of the preceding paragraphs of this pleading as though fully stated herein.

4.2     Washington State's Legislature "enacted the Residential Landlord-Tenant Act, (hereinafter "the RLTA") Chapter 59.18 RCW, to govern the rights, responsibilities, and remedies of residential landlords and tenants." Faciszewski v. Brown, 187 Wn.2d 308, 314, 386 P.3d 711 (2016).

4.3     Washington State's Courts have made clear the RLTA "is a remedial statute that must be "construed liberally in order to accomplish the purpose for which it is enacted." State v. Douty, 92 Wn.2d 930, 936, 603 P.2d 373 (1979); cf. Randy Reynolds & Assocs. v. Harmon, 193 Wn.2d 143, 156, 437 P.3d 677 (2019) (Chapter 59.18 RCW is a "statute[] in derogation of the common law and thus [is] strictly construed in favor of the tenant.").

4.4     Under the RLTA, "all contracts for the renting of premises, oral or written, [have] an implied warranty of habitability." Foisy v. Wyman, 83 Wash.2d at 28, 515 P.2d 160. (1973).

4.5     This implied warranty of habitability requires landlords like Defendant HPA and Defendant Pathlight to "keep the premises fit for human habitation" and to "maintain certain specified items and areas." RCW 59.18.060.

4.6     To be fit for human habitation, landlords like Defendant HPA and Defendant Pathlight "must maintain the structural components [of the rental property] including, but not limited to, the roofs, floors, walls, foundations, and all other structural components, in reasonably good repair so as to be usable." RCW 59.18.060(2).

4.7     Landlords like Defendant HPA and Defendant Pathlight violate the implied warranty of habitability when they fail to keep a property fit for human habitation by failing to

PLAINTIFF'S FIRST AMENDED CIVIL
COMPLAINT FOR DAMAGES

Kristy M. Norwood, and Timothy P. Norwood,
a married couple, vs. HPA BORROWER 2018-LLC,
(d/b/a "Home Partners of America"); and OPVHHJV LL
(d/b/a "Pathlight Property Management")

**LAKE LAW, PLLC**
Morgan L Lake | WSBA 52789
3703 S. Edmunds St. #115
SEATTLE, WA. 98118
PH: (360) 499-2144

maintain "a reasonable program for the control of infestation by insects, rodents, and other pests at the initiation of the tenancy." RCW 59.18.060(4).

4.8    Landlords like Defendant HPA and Defendant Pathlight also violate the implied warranty of habitability when they fail to make repairs and arrangements necessary to put and keep premises [like the Norwood's] in as good condition as [premises] by law or rental agreement *should have been,* at the commencement of the tenancy.  RCW 59.18.060(5).

4.9    Landlords like Defendant HPA and Defendant Pathlight further violate the implied warranty of habitability when they fail to maintain all plumbing in a reasonably good working order. RCW 59.18.060(8).

4.10    Here, Defendant HPA and Defendant Pathlight violated the RLTA by failing to maintain the Norwood's roofs, floors, walls, foundations, and all other structural components, in reasonably good repair so as to be usable. RCW 59.18.060(2).

4.11    Defendant HPA and Defendant Pathlight violated the RLTA by not having a reasonable program for the control of infestation by insects, rodents, and other pests at the initiation of the tenancy. RCW 59.18.060(4).

4.12    Defendant HPA and Defendant Pathlight further violated the RLTA by failing to make repairs and arrangements necessary to put and keep the premises at issue in as good condition as it by law or rental agreement *should have been,* at the commencement of the Norwood's tenancy. RCW 59.18.060(5).

4.13    Defendant HPA and Defendant Pathlight also violated the RLTA by failing to maintain all plumbing within the premises at issue in reasonably good working order. RCW 59.18.060(8).

PLAINTIFF'S FIRST AMENDED CIVIL
COMPLAINT FOR DAMAGES

Kristy M. Norwood, and Timothy P. Norwood,
a married couple, vs. HPA BORROWER 2018-LLC,
(d/b/a "Home Partners of America"); and OPVHHJV LL
(d/b/a "Pathlight Property Management")

LAKE LAW, PLLC
Morgan L Lake | WSBA 52789
3703 S. Edmunds St. #115
SEATTLE, WA. 98118
PH: (360) 499-2144

1    4.14    As a direct or proximate cause of Defendant HPA's and Defendant Pathlight's

2   breach of the implied warranty habitability, the Norwoods suffered pecuniary injury totaling

3   $2,950.00 for moving expenses, in addition to

4    4.15    Defendant HPA and Defendant Pathlight are therefore jointly and severally liable

5   to the Norwoods for actual damages, which include but are not limited to costs associated with

6   bringing this suit and reasonable attorneys' fees, in addition to such other relief as may be just

7   and equitable. RCW 59.18 *et seq.*

## SECOND CAUSE OF ACTION: BREACH OF CONTRACT FOR LANDLORD'S FAILURE TO CARRY OUT DUTIES (RCW 59.18.070)

8

9    5.1    The Norwoods incorporate by reference the allegations set forth in each of the

10  preceding paragraphs of this pleading as though fully stated herein.

11    5.2    If at any time during a tenancy like the one applicable to this suit, a landlord like

12  Defendant HPA or Defendant Pathlight receives notice from tenants like the Norwoods, the

    landlord:

13
> ...shall commence remedial action after receipt of such notice by the tenant as soon as possible but not later than the following time periods, except where circumstances are beyond the landlord's control:

14
15
> (1) Not more than twenty-four hours, where the defective condition deprives the tenant of hot or cold water, heat, or electricity, or is imminently hazardous to life;
> (2) Not more than seventy-two hours, where the defective condition deprives the tenant of the use of a refrigerator, range and oven, or a major plumbing fixture supplied by the landlord; and
> (3) Not more than ten days in all others.

16
17  RCW 59.18.070.

18    5.3    When landlords like Defendant HPA and Defendant Pathlight fail to commence

19  remedial action of defective conditions like those described herein during the applicable periods

20  of time set forth in RCW 59.18.070:

21
> the tenant may contract with a licensed or registered person, or with a responsible person capable of performing the repair ... . Upon the completion of the repair and

22

23
PLAINTIFF'S FIRST AMENDED CIVIL
COMPLAINT FOR DAMAGES

Kristy M. Norwood, and Timothy P. Norwood,
a married couple, vs. HPA BORROWER 2018-LLC,
(d/b/a "Home Partners of America"); and OPVHHJV LL
(d/b/a "Pathlight Property Management")

**LAKE LAW, PLLC**
Morgan L Lake | WSBA 52789
3703 S. Edmunds St. #115
SEATTLE, WA. 98118
PH: (360) 499-2144

1
2

> an opportunity for inspection by the landlord or his or her designated agent, the tenant may deduct the cost of repair from the rent in an amount not to exceed the sum expressed in dollars representing two month's rental of the tenant's unit per repair.

3    RCW 59.18.070(2).

4        5.4     The Norwoods provided Defendant HPA and Defendant Pathlight several months

5    of written notices that described the defective conditions found within the premises at issue, and

6    the notices were received by the Defendants.

7        5.5     Following receipt of notices that described the defective conditions within the

     subject premises, Defendants failed to take remedial action and fulfill their obligations under

8    RCW 59.18.060 within the time periods imposed by RCW 59.18.070, which substantially

9    endangered or impaired the health or safety of a the Norwoods at the height of the COVID-19

10   pandemic. Indeed, the Norwoods were forced to live in a home exposed to risk of illness or

11   injury from leaking roofs, mold protruding throughout the majority of their living room ceiling,

12   in addition to human waste that was draining and accumulating directly underneath the

13   Norwoods' living room floor that led to a rat infestation. 59.18.060; RCW 59.18.070.

14       5.6     As a direct or proximate cause of Defendants' failures to carry out their statutorily

     imposed duties in a reasonable period, the Norwoods were forced to pay for a mold inspection

15   from a certified inspector that confirmed their fears of exposure given Kristy Norwood's

16   impaired breathing.

17       5.7     Defendant HPA and Defendant Pathlight are therefore jointly and severally liable

18   to the Norwoods for Plaintiffs' actual damages, including "any actual damages sustained by the

19   Norwoods that exceed the amount of relocation assistance that would otherwise payable, in

20   addition to costs associated with bringing this suit and reasonable attorneys' fees, and such other

     relief as may be just and equitable. RCW 59.18.290(2); RCW 59.18.085(3)(e).

21

22

 

PLAINTIFF'S FIRST AMENDED CIVIL
COMPLAINT FOR DAMAGES

Kristy M. Norwood, and Timothy P. Norwood,
a married couple, vs. HPA BORROWER 2018-LLC,
(d/b/a "Home Partners of America"); and OPVHHJV LL
(d/b/a "Pathlight Property Management")

**LAKE LAW, PLLC**
Morgan L Lake | WSBA 52789
3703 S. Edmunds St. #115
SEATTLE, WA. 98118
PH: (360) 499-2144

**C. THIRD CAUSE OF ACTION: SUBSTANDARD AND UNREASONABLE LIVING CONDITIONS (RCW 59.18.115)**

6.1     The Norwoods incorporate by reference the allegations set forth in each of the paragraphs of this pleading as though fully stated herein.

6.2     Under the RLTA, if a court determines that:

> (b) A reasonable time has passed for the landlord to remedy the defective condition following notice to the landlord in accordance with RCW 59.18.070 or such other time as may be allotted by the court or arbitrator; the court or arbitrator may determine the diminution in rental value of the premises due to the defective condition and shall render judgment against the landlord for the rent paid in excess of such diminished rental value from the time of notice of such defect to the time of decision and any costs of repair done pursuant to RCW 59.18.100 for which no deduction has been previously made.

RCW 59.18.100(b).

6.3     Washington State's Legislature has declared, in relevant part:

> [T]hat some tenants live in residences that are substandard and dangerous to their health and safety and that the repair and deduct remedies of RCW 59.18.100 may not be adequate to remedy substandard and dangerous conditions. [In such instances], an extraordinary remedy is necessary if the conditions substantially endanger or impair the health and safety of the tenant.

RCW 59.18.100(1).

6.4     Landlords like Defendant HPA and Defendant Pathlight substantially endanger or impair the health or safety of tenants when they fail to maintain or provide property that protects tenants from exposure of to the weather, and when they fail to meet the applicable standard of care to remedy the plumbing and sanitation defects that directly expose the occupants to the risk of illness or injury. RCW 59.18.115(2)(a)(ii)-(iii).[1]

6.5     Defendant HPA and Defendant Pathlight failed to maintain or provide the Norwoods with a property that protected the Norwoods from exposure to the weather as

---

[1] The Washington State Building Code Council ("WSBCC") is responsible for building code standards throughout the state of Washington. WSBCC has adopted The Uniform Plumbing Code ("UPC"), which sets forth standards and regulations applicable to every county and city of the State. WAC 51-56-008; RCW 19.27; RCW 70.92.

PLAINTIFF'S FIRST AMENDED CIVIL
COMPLAINT FOR DAMAGES

Kristy M. Norwood, and Timothy P. Norwood,
a married couple, vs. HPA BORROWER 2018-LLC,
(d/b/a "Home Partners of America"); and OPVHHJV LL
(d/b/a "Pathlight Property Management")

**LAKE LAW, PLLC**
Morgan L Lake | WSBA 52789
3703 S. Edmunds St. #115
SEATTLE, WA. 98118
PH: (360) 499-2144

1    evidenced by defective roofing that leaked into the structure of the building, leading to the

2    Norwoods to experience substantial exposure to high levels of mold.

3        6.6     The plumbing conditions described herein were insanitary and therefore

4    substandard, dangerous, and unreasonable within the meaning of RCW 59.18.115. RCW

5    59.18.115(2)(a).[2]

6        6.7     The Norwoods provided the Defendants with repeated notices over the course of

7    nearly ten ("10") months regarding the substandard, dangerous, and unreasonable living

8    conditions, but neither Defendant HPA, nor Defendant Pathlight met the duty of care imposed by

9    the RLTA to fulfill their duties. RCW 59.18.060; RCW 59.18.070. Meanwhile, the Norwoods

10    remained current on their rent up until the time they were forced to abandon the property at issue

11    due to the living conditions described throughout this Complaint.

12        6.8     The Defendants' failure to remedy the substandard and unreasonable living

13    conditions described herein within a reasonable period of time left the Norwoods unable to

14    consistently access or utilize any of the subject premises' 3 bathrooms, which prevented the

15    Norwoods from being able to shower consistently or flush toilets without human waste backing

    up from September 1st, 2019 – November 30th, 2020.

16        6.9     The Defendants' failure to remedy the substandard and unreasonable living

17    conditions described herein also left the Norwoods unable to consistently access their kitchen for

18    basic cooking needs due to the overpowering smell of human waste emitted from the bathroom

19    directly adjacent to the kitchen from September 1st, 2019 – November 30th, 2020.

20

21    [2] UPC defines "Insanitary" is defined as "a condition that is contrary to sanitary principles or is injurious to health,"
   and includes plumbing fixtures "not supplied with water sufficient to flush and maintain the fixture or receptor in a
   clean condition." UCC 2110(3).

22

   PLAINTIFF'S FIRST AMENDED CIVIL
   COMPLAINT FOR DAMAGES

   Kristy M. Norwood, and Timothy P. Norwood,
   a married couple, vs. HPA BORROWER 2018-LLC,
   (d/b/a "Home Partners of America"); and OPVHHJV LL
   (d/b/a "Pathlight Property Management")

                   **LAKE LAW, PLLC**
              Morgan L Lake | WSBA 52789
              3703 S. Edmunds St. #115
              SEATTLE, WA. 98118
              PH: (360) 499-2144

1       6.10    The Defendants' failures to remedy the substandard and unreasonable living

2   conditions described herein, left the Norwoods unable to consistently access or utilize the main

3   gathering room in the subject property, the living room, due to the overwhelming smell of

4   backed up human waste that was draining directly underneath the living room floor, in addition

5   to noxious fumes from mold that was visibly protruding and growing throughout the living room

6   ceiling.

7       6.11    Defendant HPA and Defendant Pathlight are therefore jointly and severally liable

8   to the Norwoods for the diminution in rental value of the premises due to their ongoing failure to

9   remedy the defective conditions described herein, in addition to all rent paid in excess of such

10  diminished rental value from the time of the Norwoods first provided Defendants notice of such

11  defects to the time the Norwoods were forced to vacate the premises. 59.18.100(b).

12      6.12    Defendant HPA and Defendant Pathlight are also therefore jointly and severally

13  liable to the Norwoods for actual damages, including "any actual damages sustained by [the

14  Norwoods] that exceed the amount of relocation assistance otherwise payable." RCW 59.18.290;

    RCW 59.18.085(3)(e).

15      6.13    Defendants are further jointly and severally liable to the Norwoods for costs of

16  bringing this suit and reasonable attorney's fees, in addition to extraordinary remedies in an

17  amount to be proven at trial. RCW 59.18.290(1); RCW 59.18.115(1).

18  **D. FOURTH CAUSE OF ACTION: NEGLIGENCE *PER SE* (RCW 5.40.050)**

19      7.1    The Norwoods incorporate by reference the allegations set forth in each of the

20  preceding paragraphs of this pleading as though fully stated herein.

21

22

    PLAINTIFF'S FIRST AMENDED CIVIL                **LAKE LAW, PLLC**
    COMPLAINT FOR DAMAGES              Morgan L Lake | WSBA 52789
23                                                 3703 S. Edmunds St. #115
    Kristy M. Norwood, and Timothy P. Norwood,         SEATTLE, WA. 98118
    a married couple, vs. HPA BORROWER 2018-LLC,       PH: (360) 499-2144
    (d/b/a "Home Partners of America"); and OPVHHJV LL
    (d/b/a "Pathlight Property Management")

7.2     To prevail in a negligence claim, plaintiffs like the Norwoods must show (1) the existence of a duty, (2) breach of that duty, (3) resulting injury, and (4) proximate cause. RCW 5.40.050.

7.3     Defendant HPA's and Defendant Pathlight's duties as landlords are set forth in the RLTA. RCW 59.18 *et seq.*

7.4     Defendants failed to meet the duty of care imposed upon each of them by the RLTA by consistently failing to remedy the substandard and unreasonable living conditions described herein within the time frames set forth by RCW 59.18.070.

7.5     As a direct or proximate result of Defendants' failure to meet the standard of care imposed upon each of them by the RLTA, the Norwoods suffered injury pecuniary injury that totaled $2,950.00 for relocation fees, in addition to monies paid for a certified mold inspection, and also spent time, energy and even more funds to investigate the legal claims set forth herein.

7.6     Additionally, as a direct or proximate cause of Defendants' failure to meet the duty of care imposed on them by the RLTA, Kristy Norwood ("Mrs. Norwood") experienced symptoms that manifested as open sores on her scalp, extreme anxiety and substantial mental anguish, and impaired breathing. Mrs. Norwood was forced to seek out aid from certified medical care specialists who created medical treatment plans to help Mrs. Norwood cope with the symptoms that manifested as a result of living in the conditions described herein. Acting on medical providers' orders, Mrs. Norwood was forced to shave her head to allow the sores to heal over a 4-month period. Mrs. Norwood was also prescribed medication to address anxiety brought on by the conditions described herein, in addition to inhalers for impaired breathing. Mrs. Norwood continues to receive medical care treatment from certified medical care specialists for symptoms that manifested from her time living in the substandard, insanitary, and dangerous conditions described throughout this Complaint.

PLAINTIFF'S FIRST AMENDED CIVIL
COMPLAINT FOR DAMAGES

Kristy M. Norwood, and Timothy P. Norwood,
a married couple, vs. HPA BORROWER 2018-LLC,
(d/b/a "Home Partners of America"); and OPVHHJV LL
(d/b/a "Pathlight Property Management")

**LAKE LAW, PLLC**
Morgan L Lake | WSBA 52789
3703 S. Edmunds St. #115
SEATTLE, WA. 98118
PH: (360) 499-2144

7.7     Defendants' failure to meet the duty of care imposed upon them by the RLTA, is negligence *per se.*

7.8     Defendant HPA and Defendant Pathlight are therefore jointly and severally liable to the Norwoods for actual damages, for costs of bringing this suit and attorney's fees, in addition to other forms of pain, suffering, and substantial mental anguish endured by the Norwoods and other such relief the Court may deem proper. RCW 59.18.290; RCW 4.84.030; RCW 4.56.250(1)(b).

### FIFTH CAUSE OF ACTION: CONSTRUCTIVE EVICTION FOR VIOLATION OF THE COVENANT OF QUIET ENJOYMENT

8.1     The Norwoods incorporate by reference the allegations set forth in each of the paragraphs of this pleading as though fully stated herein.

8.2     Constructive eviction occurs when landlords "intentionally or injuriously interferes with a tenancy, either by depriving the tenants of beneficial enjoyment of the leased property or materially impairing the tenant's enjoyment." Old City Hall LLC v. Pierce County AIDS Found., 181 Wn. App. 1, 8, 329 P.3d 83 (2014).

8.3     Plaintiffs who present facts sufficient to demonstrate the property like the one at issue was untenantable are constrictively evicted. *See,* 5 Thompson on Real Property, Second Thomas Edition § 41.03(c)(3), at 153-54 (David A. Thomas & N. Gregory Smith eds., 2007). "Premises are 'untenantable' if it is impossible or infeasible for the tenant to use them." 17 William B. Stoebuck & John W. Weaver, Washington Practice: Real Estate: Property Law § 6.32, at 352 (2d ed. 2004).[3]

---

[3] Leased premises are deemed "untenantable" for the purposes of constructive eviction under the quiet enjoyment covenant when "the premises are unfit for the purpose for which they are leased." 5 THOMPSON ON REAL PROPERTY § 40.22(c)(3)(i), at 144 (David A. Thomas ed., 1994). If the premises are "uninhabitable," they are certainly "untenantable." Tucker v. Hayford, 118 Wn. App. 246, 255, 75 P.3d 980 (2003).

PLAINTIFF'S FIRST AMENDED CIVIL
COMPLAINT FOR DAMAGES

Kristy M. Norwood, and Timothy P. Norwood,
a married couple, vs. HPA BORROWER 2018-LLC,
(d/b/a "Home Partners of America"); and OPVHHJV LL
(d/b/a "Pathlight Property Management")

**LAKE LAW, PLLC**
Morgan L Lake | WSBA 52789
3703 S. Edmunds St. #115
SEATTLE, WA. 98118
PH: (360) 499-2144

8.4     Under the RLTA, displaced tenants like the Norwoods shall:

"… be entitled to recover any relocation assistance, prepaid deposits, and prepaid rent required by (b) of this subsection. In addition, displaced tenants shall be entitled to recover any actual damages sustained by them as a result of the condemnation, eviction, or displacement *that exceed the amount of relocation assistance that is payable*. In any action brought by displaced tenants to recover any payments or damages required or authorized by this subsection (3)(e) or (c) of this subsection that are not paid by the landlord or advanced by the city, town, county, or municipal corporation, the displaced tenants shall also be entitled to recover their costs of suit or arbitration and reasonable attorneys' fees.

RCW 59.18.085.

8.5     Washington State's legislature has granted authority to the governing body of each county to amend the state building code as it applies within the jurisdiction of the county or city. RCW 19.27.040.

8.6     Pierce County's Sewer Standards are promulgated by the Pierce County Public Works & Utilities Department's Sewer Utility Division and set forth in Chapter 13 of the Pierce County Code ("PCC"), which states landlords like Defendant HPA and Defendant Pathlight "*shall* be responsible for meeting and maintaining minimum standards for buildings" like the premises at issue." PCC 13.06.030.

8.7     In Pierce County, "it is unlawful or any landlord or property owner like Pathlight to "permit any human excrement …[to] be discharged into or be placed where they might find their way into … any part of the public sewer system." PCC 13.04.035.

8.8     The accumulation of human excrement described herein was known by the Defendants, and yet neither Defendant HPA, nor Defendant Pathlight made any reasonable effort to remedy the insanitary and dangerous conditions within the time frame set forth in RCW 59.18.070, in violation of the PCC. PCC 13.04.035.

PLAINTIFF'S FIRST AMENDED CIVIL
COMPLAINT FOR DAMAGES

Kristy M. Norwood, and Timothy P. Norwood,
a married couple, vs. HPA BORROWER 2018-LLC,
(d/b/a "Home Partners of America"); and OPVHHJV LL
(d/b/a "Pathlight Property Management")

**LAKE LAW, PLLC**
Morgan L Lake | WSBA 52789
3703 S. Edmunds St. #115
SEATTLE, WA. 98118
PH: (360) 499-2144

8.9     The substandard, insanitary and dangerous living conditions described throughout the property at issue made it impossible or infeasible for the Norwoods to consistently access or utilize substantial portions of the property throughout the entirety of their tenancy, including all three bathrooms. The ongoing exposure to human waste prevented the Norwoods from being able to consistently address the most basic of hygiene and self-care related needs. Defendants' failure to meet the standard of care imposed upon each of them by the RLTA made the premises at issue untenantable and deprived the Norwoods of beneficial enjoyment of the leased property or materially impaired the Norwood's enjoyment of the property at issue.

8.10     Defendant HPA and Defendant Pathlight therefore breached the covenant of quiet enjoyment and constructively evicted the Norwoods, who suffered injuries in an amount that exceeds the statutory limit of $2,000.00. RCW 59.18.085(3)(a), (b), and (c).

8.11     Defendant HPA and Defendant Pathlight are therefore jointly and severally liable to the Norwoods for the greater of three months' rent or treble the actual damages sustained as a result of the violations described herein, in addition to costs of bringing this suit and attorney's fees. RCW 59.18.085(2).[4]

## X.  PRAYER FOR RELIEF

WHEREFORE, the Norwoods pray for an award of the following relief from the Defendants HPA BORROWER 2018-LLC, (d/b/a "Home Partners of America") and OPVHHJV LL (d/b/a "Pathlight Property Management") in the form of:

---

[4] The legislative intent of RCW 59.18.085 was "to provide enforcement mechanisms to cities, towns, counties, or municipal corporations including the ability to advance relocation funds to tenants who are displaced as a result of a landlord's failure to remedy building code or health code violations and later to collect the full amounts of these relocation funds, along with interest and penalties, from landlords." LAWS OF 2005, ch. 364, § 1 (emphasis added).

PLAINTIFF'S FIRST AMENDED CIVIL
COMPLAINT FOR DAMAGES

Kristy M. Norwood, and Timothy P. Norwood,
a married couple, vs. HPA BORROWER 2018-LLC,
(d/b/a "Home Partners of America"); and OPVHHJV LL
(d/b/a "Pathlight Property Management")

**LAKE LAW, PLLC**
Morgan L Lake | WSBA 52789
3703 S. Edmunds St. #115
SEATTLE, WA. 98118
PH: (360) 499-2144

1. Judgment against the Defendants, jointly and severally, in an amount to be determined, for each of the causes of action pled above;

2. Pre-judgment and post-judgment interest on all damages as provided by law;

3. Actual damages, pursuant to RCW 4.84.330; 59.18.290(1); 59.18.085(2); RCW 59.18.085(3)(c); and RCW 59.18.085(3)(e);

4. Excess rent paid for diminution in rental value of the premises at issue from the time notice of such defects was first disclosed, pursuant to RCW 59.18.100(b);

5. Reimbursement for relocation fees, including three months' rent or treble the actual damages sustained by the Norwoods, pursuant to RCW 59.18.085(2), RCW 59.18.085(3)(c), and RCW 59.18.085(3)(e);

6. Extraordinary remedies, pursuant to RCW 59.18.115(1);

7. Non-economic damages for pain, suffering, and substantial mental anguish, pursuant to RCW 4.56.250(1)(b);

8. An award of the Norwood's attorney's fees and costs incurred in bringing this action, as permitted by court rules, contract, statute, equitable doctrine, or case law; and

9. Such other relief as may be just and equitable.

DATED this October 27th, 2021.

/s/ Morgan L. Lake
Morgan L. Lake | WSBA #52789
Attorney for Plaintiffs
3703 S. Edmunds St. #115
SEATTLE, WA. 98118
PH: (206) 536-2830

PLAINTIFF'S FIRST AMENDED CIVIL
COMPLAINT FOR DAMAGES

Kristy M. Norwood, and Timothy P. Norwood,
a married couple, vs. HPA BORROWER 2018-LLC,
(d/b/a "Home Partners of America"); and OPVHHJV LL
(d/b/a "Pathlight Property Management")

**LAKE LAW, PLLC**
Morgan L Lake | WSBA 52789
3703 S. Edmunds St. #115
SEATTLE, WA. 98118
PH: (360) 499-2144

1

2

3

4

5

6        **IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON**
7              **IN AND FOR THE COUNTY OF PIERCE**

8    KRISTY M. NORWOOD, and
     TIMOTHY P. NORWOOD, a
9    married couple,                         CASE NO.   21-2-0802405

10                        Plaintiffs,

11            vs.

12
     HPA BORROWER 2018-LLC,              EXHIBITS A-O TO PLAINTIFFS' FIRST
13   (d/b/a "Home Partners of America"),  AMENDED CIVIL COMPLAINT FOR
     a foreign limited liability company   DAMAGES
14   licensed to do business in
     Washington State; and OPVHHJV
15   LL (d/b/a "Pathlight Property
     Management") a foreign limited
16   liability company licensed to do
     business in Washington State,
17

18                        Defendants.

19        Please find attached herewith Exhibits A-O, which accompany Plaintiffs' First Amended Civil

20   Complaint for Damages.

21        Respectfully submitted this October 27th, 2021.

22                                     By:

23                                          /s/ Morgan L. Lake
                                            Morgan L. Lake, WSBA #52789
24                                          Attorney for the Plaintiffs

25   **EXHIBITS A-0 TO PLAINTIFFS' FIRST**          **LAKE LAW, PLLC**
     **AMENDED CIVIL COMPLAINT FOR**              Morgan L. Lake | WSBA 52789
     **DAMAGES**                                    3703 S. Edmunds St. #115
                                                     SEATTLE, WA. 98118
     Kristy M. Norwood, and Timothy P. Norwood, a        PH: (360) 499-2144
     married couple, vs. HPA BORROWER 2018-LLC      **morgan@morganlakelaw.com**
     (d/b/a "Home Partners of America"); and OPVHHJV LL
     (d/b/a "Pathlight Property Management")

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

# EXHIBITS A – O

**PLAINTIFF'S EXHIBITS A-0**

**PLAINTIFF'S CIVIL COMPLAINT FOR DAMAGES**

**- 1**

**LAKE LAW, PLLC**
Morgan L. Lake | WSBA 52789
3703 S. Edmunds St. #115
SEATTLE, WA. 98118
PH: (360) 499-2144
morgan@morganlakelaw.com

WO#84757672 ................. The tree in the front yard needs to be trimmed. If a branch breaks it is going to take out powerlines and or hurt someone. This should have been done long before I moved in. With winter around the corner, it needs to be dealt with. I will not be held responsible for any damage caused by this tree.

Created: 8-24-19

Completed: Still open

Notes: Pathlight told me, per my lease agreement that it is now my problem to deal with.

WO#85096729 ................. Ceiling damaged due to roof leaking.

Created: 11-21-19

Completed: 11-29-19

Notes: No resolution only recovery

WO#85348909 ................. The ceiling in the room off the kitchen is getting moldy because the roof is leaking. It needs to be fixed ASAP!

Created: 2-1-20

Completed: Ceiling is still moldy and uncovered. No resolution.

WO#85367317 ................. There is an active leak in the house.

Created: 2-6-20

Completed: Still open

Notes: There is an active leak in the home since October. The roofer's state they need dry weather to complete the job. We need it tarped to protect the home.

WO#85367477 ................. The oven doesn't heat up and the door doesn't close. I must tie it closed with a rope.

Created: 2-6-19

Completed: Still open

Notes: The oven doesn't heat up and the door doesn't close. I must tie it closed with a rope. The oven takes 30 minutes to heat up.

WO#B5374879 ............. I would like to have a peep hole put into the front door for security. I can't have my wife just open the front door without being able to see who is out there.

Created: 2-8-20

Completed: 2-9-20

Notes: I was told that they wouldn't do it.


WO#B5420265 ............. There are 3 places in the same room that is leaking water.

Created: 2-20-20

Completed: 2-27-20

Notes: The roof was only tarped, not fixed.


WO#B5420289 ............... Ceiling in the room off the kitchen is still in need of repair.

Created: 2-20-20

Completed: Nothing Was done

Notes: Possible recall of WO#B5096729 created to address the ceiling damage caused by the roof leak.


WO#B5447664 .............. The oven doesn't heat up and the door doesn't close. I must tie it closed with a rope.

Created: 2-28-20

Completed: Oven was ordered.

Notes: The oven doesn't heat up and the door doesn't close. I must tie it closed with a rope.


WO#B5475896 ................. The oven doesn't heat up and the door doesn't close. I must tie it closed with a rope.

Created 3-6-20

Completed: 3-18-20

Notes: Oven was replaced.

WO#B5526746 ............. The roof is still leaking.

Created: 3-20-20

Completed: Still open.

Notes: Clients requests JBS Eagles Inc. quote in WO#B5449131 be pushed back through for approval review on roof repair. I MADE NO SUCH REQUEST. I JUST KEPT TELLING THEM THEROOF WAS LEAKING.


WO#B5544793 ................. The bathroom fan is making a squealing noise.

Created: 3-26-20

Completed: 4-28-20

Notes: Fan was replaced.


WO#B5597677 ................. Roofer on site.

Created: 4-13-20

Completed: 4-16-20

Notes: The roofer onsite found that the roof needed an additional 7 sheets of plywood and 12x20 section of torch down.


WO#B5597886 ................. Roof leak.

Created: 4-13-20

Completed: 4-16-20

Notes: Per vender in WO#B5420265, an entire roof replacement is needed due to damage/leak issues. Full roof replacement needed.


WO#B5880366 .............. Ceiling damage and insulation.

Created: 6-25-20

Completed: Still Open. No Resolution.

Notes: Techs state, the roof has been replaced. There is no active leaking, however the ceiling was damaged by the leak. It looks like we have a mold problem now. Wet insulation wasn't removed, nor was the wet drywall replace.

WO#B6254769 ...................... This is a massive tree. The branches are at least a foot in diameter. One is hanging out over the driveway and power lines to the house. The other is over the front of the house. If these branches were to break someone could be seriously hurt. This tree is way out of my league.

Created: 9-25-20

Completed: Still an issue. No resolution.

Notes. Pathlight closed this matter without giving me an answer. I assume as before; they consider this my problem.

WO#B6254771 ..................... Tree needs trimming.

Created: 9-25-20

Completed: Still an issue. No resolution.

Notes: Notes. Pathlight closed this matter without giving me an answer. I assume as before; they consider this my problem.

WO#B6266269 ................. We are still having issues with all the bathroom. Showers, tubs, washer, and toilets are still backing up. Please help!!!! Everything is backed up.

Created: 9-28-20

Completed: 10-1-20

Notes: My PHD Pluming came out and unplugged the line. As before he told me it would continue to happen due to a dip in the line under the house.

WO#B6312681 .............. We are still having issues with all the bathroom. Showers, tubs, washer, and toilets are still backing up.

Created: 10-9-20

Completed: Cancelled on 10-15-20

Notes: Per technician in WO#B6266269, "there is a huge root ball blocking 90% of this sewer line under the tree. This should be addressed, or a clogging issue will continue to happen.

WO#B6334521 ................ We are still having issues with all the bathroom. Showers, tubs, washer, and toilets are still backing up.

Created: 10-15-20

WO#B6357417 ................ Ceiling damage and insulation.

Created: 10-22-20

Completed: 10-27-20

Notes: [redacted]

WO#B6358023 ............... We are still having issues with all the bathroom. Showers, tubs, washer, and toilets are still backing up.

Created: 10-22-20

Completed: [redacted]

WO#B6374772 ............... These openings lead to under the house and need to be sealed up.

Created: 10-27-20

Completed: [redacted]

Notes: No one ever cam out to see.

WO#B6389123 ................... We are still having issues with all the bathroom. Showers, tubs, washer, and toilets are still backing up. This has been an issue for the past 2 months.

Created: 10-30-20

Completed: [redacted]

Notes: Pending more information.

WO#B6389386 ............... Rats under the house.

Created: 10-30-20

Complete: [redacted]

Notes: I was called on 10-30-20 at 6 p.m by Pathlight maintenance. They asked me if I saw rats under the house. I told them everyone has rats. They said they needed to set traps under to house. I feel like this is an other stall tactic.

Completed: 10-22-20

Notes: Harts Services came out to look under the house. That's when we found out the real problem. All the pipes under the house were rotted out and leaking. They had been for some time. The main sewer line is broken and leaking raw sewage under the house. Estimate $30K to fix it. Meanwhile we are still living with raw sewage.

Notes: Resident states their toilets are backing up and they have had continual problems with their plumbing and sewer line. WO#B4121442, #B4453114, #B6189714, #B6216985, #B6266269, #B6274874, #B6312681. Resident states they must wait for 1 hour to reset the toilets and they are unable to use the showers. Resident states if they use the bathroom sink, they cannot use the toilets because the water fills up the pipe. Per technician, in #B6266269, "there is a huge root ball blocking 90 % of this sewer line under the tree. This should be addressed, or a clogging issue will continue to happen.

On 10-16-20 I paid Roto Rooter to come out and unplug the line so we could at least use the bathrooms for a bit. The line will continue to plug up until it is fixed properly.

WO#B6357417 .................. Ceiling damage and insulation.

Created: 10-22-20

Completed: 10-27-20

Notes: ████████ Ceiling is still the same.

Notes: Resident is reporting discoloration in ceiling. Please sent remediation company to take care of the issue. Then once remediation is complete, we need to do an air test to confirm AQ.

WO#B6358023 .............. We are still having issues with all the bathroom. Showers, tubs, washer, and toilets are still backing up.

Second opinion, there are 2 reported issues. (1) Please video inspect the main sewer and make recommendations, the video must be submitted with the proposal. (2) Please inspect for leaking sewer line in the crawlspace.

Created: 10-22-20

Completed: ████████████████████████

WO#B6374772 .............. These openings lead to under the house and need to be sealed up.

Created: 10-27-20

Completed: ████████

Notes: No one ever came out to see the problem. I was sent an email telling me, it is my responsibility. The house was rented as is.

WO#85992983 ............ Ceiling damage and insulation.

Created: 7-22-20

Completed: Nitrogen Move solution

Notes: Notes: Techs state, the roof has been replaced. There is no active leaking, however the ceiling was damaged by the leak. It looks like we have a mold problem now. Wet insulation wasn't removed, nor was the wet drywall replace.

WO#86043598 ................. The pod soap dispenser spring is broken.

Created: 8-3-20

Completed: 8-24-20

Notes: New dispenser was installed. Issue resolved.

WO#86189714 ................ All sinks, tubs, showers and toilets are backed up.

Created: 9-8-20

Completed: 9-14-20

Notes: My PHD Pluming came out and unplugged the line. He also told me it would continue to happen due to a dip in the line under the house.

WO#86216985 ................ All sinks, tubs, showers and toilets are backed up.

Created: 9-15-20

Completed: 9-18-20

Notes: My PHD Pluming came out and unplugged the line. As before he told me it would continue to happen due to a dip in the line under the house.

WO#86251643 ................. The ceiling in the room off the garage is coming down, due to a leak. This was caused by ivy and a tree that has been stuck to the house foe a very long time.

Created: 9-24-20

Completed: 10-12-20

Notes: The roof was replaced, however the ceiling in the room isn't been fixed

Mail - Morgan Lake - Outlook





EXHIBIT "A" TO NOTICE OF REMOVAL, Page 109 of 120

Mail - Morgan Lake - Outlook



EXHIBIT "A" TO NOTICE OF REMOVAL, Page 110 of 120

11/13/2020                                    Mail - Morgan Lake - Outlook



EXHIBIT "A" TO NOTICE OF REMOVAL, Page 111 of 120

Mail - Morgan Lake - Outlook



EXHIBIT "A" TO NOTICE OF REMOVAL, Page 112 of 120



EXHIBIT "A" TO NOTICE OF REMOVAL, Page 113 of 120







E-FILED
IN COUNTY CLERK'S OFFICE
PIERCE COUNTY, WASHINGTON

November 02 2021 8:30 AM

KEVIN STOCK
COUNTY CLERK
NO: 21-2-08024-5

IN THE SUPERIOR COURT, IN AND FOR THE COUNTY OF PIERCE, STATE OF WASHINGTON

**KRISTY M. NORWOOD AND TIMOTHY P NORWOOD**

Plaintiff/Petitioner

vs.

**HPA BORROWER 2018-LLC. et al.**

Defendant/Respondent

Cause No.:  **21-2-08024-5**

Hearing Date:  **10/25/2022**

DECLARATION OF SERVICE OF

**Plaintiffs' First Amended Civil Summons (20 Days); Case Cover Sheet / Civil Case; Order Setting Case Schedule; First Amended Civil Complaint for Damages; Exhibits A-O to Plaintiffs' First Amended Civil Complaint for Damages**

The undersigned hereby declares: That s(he) is now and at all times herein mentioned was a citizen of the United States, a resident of Washington, over the age of eighteen, not an officer of a plaintiff corporation, not a party to nor interested in the above entitled action, and is competent to be a witness

On the **28th day of October, 2021** at **11:44 AM** at the address of **300 Deschutes Way SW Suite 208, MC-CSC1, Tumwater, Thurston County, WA 98501**; this declarant served the above described documents upon **HPA BORROWER 2018-LLC (d/b/a "Home Partners of America") c/o Corporation Service Company, Registered Agent** by then and there personally delivering **1** true and correct copy (ies) thereof, by then presenting to and leaving the same with **Corporation Service Company, Registered Agent, I delivered the documents to Corporation Service Company, Registered Agent with identity confirmed by physical description. The individual accepted service in accordance with social distancing requirements (placed the documents in a clearly visible place at least six feet away from the subject and advised the subject to retrieve them after stepping away). The individual appeared to be a black-haired white female contact 45-55 years of age, 5'-5'4" tall and weighing 80-120 lbs.  Cynthia Jones**.
No information was provided or discovered that indicates that the subjects served are members of the United States military.

**ORIGINAL PROOF OF SERVICE**
PAGE 1 OF 2



For: **LAKE LAW, PLLC**
Ref #: **REF-9045262**

Tracking #: **0078602291**

**EXHIBIT "A" TO NOTICE OF REMOVAL, Page 117 of 120**

| PLAINTIFF/PETITIONER:   KRISTY M. NORWOOD AND TIMOTHY P NORWOOD | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:   HPA BORROWER 2018-LLC. et al. | 21-2-08024-5 |

Service Fee Total: **$135.00**

Declarant hereby states under penalty of perjury under the laws of the State of Washington that the statement above is true and correct.

Date:   11/01/2021

*Kevin Nakai*

**Kevin Nakai, Reg. # 3465919, Lewis County, WA**



For: **LAKE LAW, PLLC**
Ref #: **REF-9045262**

**ORIGINAL PROOF OF SERVICE**
PAGE 2 OF 2

Tracking #: **0078602291**



E-FILED
IN COUNTY CLERK'S OFFICE
PIERCE COUNTY, WASHINGTON

November 02 2021 8:30 AM

KEVIN STOCK
COUNTY CLERK
NO: 21-2-08024-5

IN THE SUPERIOR COURT, IN AND FOR THE COUNTY OF PIERCE, STATE OF WASHINGTON

| | |
|---|---|
| **KRISTY M. NORWOOD AND TIMOTHY P NORWOOD** | Cause No.: **21-2-08024-5** |
| Plaintiff/Petitioner | Hearing Date: **10/25/2022** |
| vs. | |
| **HPA BORROWER 2018-LLC. et al.** | DECLARATION OF SERVICE OF |
| Defendant/Respondent | **Plaintiffs' First Amended Civil Summons (20 Days); Case Cover Sheet / Civil Case; Order Setting Case Schedule; First Amended Civil Complaint for Damages; Exhibits A-O to Plaintiffs' First Amended Civil Complaint for Damages** |

The undersigned hereby declares: That s(he) is now and at all times herein mentioned was a citizen of the United States, a resident of Washington, over the age of eighteen, not an officer of a plaintiff corporation, not a party to nor interested in the above entitled action, and is competent to be a witness

On the **28th day of October, 2021** at **11:44 AM** at the address of **300 Deschutes Way SW Suite 208, MC-CSC1, Tumwater, Thurston County, WA 98501**; this declarant served the above described documents upon **OPVHHJV LLC c/o Corporation Service Company, Registered Agent** by then and there personally delivering **1** true and correct copy(ies) thereof, by then presenting to and leaving the same with **Corporation Service Company, Registered Agent, I delivered the documents to Corporation Service Company, Registered Agent with identity confirmed by physical description. The individual accepted service in accordance with social distancing requirements (placed the documents in a clearly visible place at least six feet away from the subject and advised the subject to retrieve them after stepping away). The individual appeared to be a black-haired white female contact 45-55 years of age, 5'-5'4" tall and weighing 80-120 lbs.  Cynthia Jones**.
No information was provided or discovered that indicates that the subjects served are members of the United States military.

**ORIGINAL PROOF OF SERVICE**
PAGE 1 OF 2


For: **LAKE LAW, PLLC**
Ref #: **REF-9045262**

Tracking #: **0078602322**



**EXHIBIT "A" TO NOTICE OF REMOVAL, Page 119 of 120**

| PLAINTIFF/PETITIONER:   KRISTY M. NORWOOD AND TIMOTHY P NORWOOD | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:   HPA BORROWER 2018-LLC. et al. | 21-2-08024-5 |

Service Fee Total: **$135.00**

Declarant hereby states under penalty of perjury under the laws of the State of Washington that the statement above is true and correct.

Date: ___11/01/2021___

*Kevin Nakai*
_____

**Kevin Nakai, Reg. # 3465919, Lewis County, WA**


For: **LAKE LAW, PLLC**
Ref #: **REF-9045262**

**ORIGINAL PROOF OF SERVICE**
PAGE 2 OF 2

Tracking #: **0078602322**


**EXHIBIT "A" TO NOTICE OF REMOVAL, Page 120 of 120**