UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KRISTY M. NORWOOD, et al.,<br><br>                    Plaintiffs,<br>        v.<br><br>HPA BORROWER 2018-1 LLC, et al.,<br><br>                    Defendants. | CASE NO. C21-5843JLR<br><br>ORDER TO SHOW CAUSE REGARDING SUBJECT MATTER JURISDICTION |

Before the court are Plaintiffs Kristy M. Norwood and Timothy P. Norwood's (collectively, the "Norwoods") complaint (Compl. (Dkt. # 1-2)) and Defendants HPA Borrower 2018-1 LLC ("HPA Borrower") and OPVHHJV LLC's ("OPVHHJV") (collectively, "Defendants") notice of removal (Notice (Dkt. # 1)). Having reviewed the complaint and the notice of removal, the court finds that Defendants have failed to allege an adequate basis for subject matter jurisdiction. The court therefore orders Defendants,

//

SHOW CAUSE ORDER - 1

within seven (7) days of the date of this order, to serve and file a submission that includes information sufficient to establish the court's jurisdiction.

Defendants assert that the court's jurisdiction is based on diversity of citizenship. (Notice at 2.) For purposes of assessing diversity jurisdiction, the court must consider the domicile of all members of a limited liability company. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006); *see also* Local Rules W.D. Wash. LCR 8(a) ("If plaintiff is asserting that this court has jurisdiction based on diversity, the compliant must identify the citizenship of the parties, and, if any of the parties is a limited liability corporation (LLC) . . . identify the citizenship of the . . . members of those entities to establish the court's jurisdiction."). Defendants allege that the Norwoods "are residents of Washington and are Washington citizens for purposes of diversity jurisdiction," that HPA Borrower is "a Delaware limited liability company" with its principal place of business in Chicago, Illinois, and that OPVHHJV is a "Texas limited liability company" with its principal place of business in Plano, Texas. (Notice at 3.) Yet, Defendants fail to allege the citizenship of any of the members of HPA Borrower or OPVHHJV. (*See generally id.*) Absent such allegations, the court cannot determine if Defendants have properly invoked this court's subject matter jurisdiction on the basis of the parties' diversity of citizenship.[1]

---

[1] The court notes that if any member of HPA Borrower or OPVHHJV is itself a limited liability company, Defendants must provide information about the citizenship of the members of that limited liability company as well, which is determined in the same manner described above—namely, by establishing the citizenship of each member. *See Johnson*, 437 F.3d at 899 (examining the citizenship of a limited partnership whose partners included limited liability companies by looking to the citizenship of the members of those limited liability companies).

Accordingly, the court ORDERS Defendants to show cause why this case should not be dismissed for lack of subject matter jurisdiction. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 143 (2005) ("If it appears that the federal court lacks jurisdiction, however, 'the case shall be remanded.'") (quoting 28 U.S.C. § 1447(c)). If Defendants fail to provide the court with the information described above within seven (7) days of the date of this order, the court will remand this case.

Dated this 1st day of December, 2021.

JAMES L. ROBART
United States District Judge

---

This process continues until every layer of limited liability company membership has been reduced to the citizenship of its individual members.

SHOW CAUSE ORDER - 3