UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KRISTY M. NORWOOD, et al., <br><br> Plaintiffs, <br><br> v. <br><br> HPA BORROWER 2018-1 LLC, et al., <br><br> Defendants. | CASE NO. C21-5843JLR <br><br> ORDER TO SHOW CAUSE |

Before the court is Defendants HPA Borrower 2018-1 LLC ("HPA Borrower") and OPVHHJV LLC's ("OPVHHJV") (collectively, "Defendants") response (Resp. (Dkt. # 7)) to the court's December 1, 2021 order to show cause (OSC (Dkt. # 6)). On December 1, 2021, the court ordered Defendants to show cause why the court has subject matter jurisdiction over this action. (OSC at 3.) Defendants, who are limited liability companies ("LLCs"), have invoked the court's diversity jurisdiction on removal but have not established their own corporate citizenship for diversity purposes. (*See id.*)

ORDER - 1

1 | "In cases where entities rather than individuals are litigants, diversity jurisdiction
2 | depends on the form of the entity." *Johnson v. Columbia Props. Anchorage, LP*, 437
3 | F.3d 894, 899 (9th Cir. 2006). Here, because Defendants are LLCs, the court must make
4 | jurisdictional determinations specific to those entities. *Id.* For purposes of diversity
5 | jurisdiction, "a limited liability corporation is a citizen of all of the states of which its
6 | owners/members are citizens." *Id.* Thus, to establish subject matter jurisdiction,
7 | Defendants must establish that none of the owners/members of HPA Borrower and
8 | OPVHHJV are citizens of Washington—Plaintiffs' home state.

9 | Defendants timely filed a response to the court's order to show cause, but they did
10 | not properly establish corporate citizenship. (*See generally* Resp.) Defendants' response
11 | states that "[n]o individual person is a member of either HPA BORROWER 2018-1 LLC
12 | or OPVHHJV LLC." (*See id.* at 3.) Instead, they allege that HPA Borrower and
13 | OPVHHJV's owners/members are themselves LLCs that are incorporated in Delaware
14 | with principal places of business in Chicago, Illinois. (*See id.* at 1-3.) When the owners,
15 | members, or partners of an entity party are themselves corporate entities, the court must
16 | look to the corporate citizenship of the owner, member, or partner entities, which is
17 | determined in the same manner described above—namely, by establishing the citizenship
18 | of the members, owners, and partners of the member/owner/partner LLCs and
19 | partnerships. *Johnson*, 437 F.3d at 899 (examining corporate citizenship of a limited
20 | partnership whose partners included LLCs by looking to the citizenship of the
21 | members/owners of those LLCs).
22 | //

In attempting to establish the corporate citizenship of their member/owner LLCs, Defendants allege that each of their member/owner LLCs are member-managed by another LLC, ultimately leading to BCORE Canyon Parent LLC. (*See* Resp. at 1-3.[1]) Defendants, however, contend that BCORE Canyon Parent LLC "does not have any further members, including individual persons." (*See id.* at 3.) Under Delaware's Limited Liability Company Act, an LLC is dissolved if "[a]t any time there are no members." *See* Del. Code Ann., tit. 6, § 18-801(a)(4). Thus, BCORE Canyon Parent LLC must have members to be a functioning LLC under Delaware law. *See id.*; (*see also* Resp. at 2-3 (stating that BCORE Canyon Parent LLC is incorporated in Delaware)).

Because Defendants have not identified the members of BCORE Canyon Parent LLC, the court cannot determine whether Defendants have properly invoked this court's subject matter jurisdiction on the basis of the parties' diversity of citizenship. *See Johnson*, 437 F.3d at 899; *see also* Local Rules W.D. Wash. LCR 8(a) ("If plaintiff is asserting that this court has jurisdiction based on diversity, the complaint must identify the citizenship of the parties, and, if any of the parties is a limited liability corporation (LLC) . . . identify the citizenship of the . . . members of those entities to establish the

---

[1] For example, Defendants state that HPA Borrower's sole member is HPA Equity Owner 2018-1 LLC; HPA Equity Owner 2018-1 LLC's sole member is HPA Holdco LLC; HPA Holdco LLC's members are Home Partners Holdings LLC and HPA Holdco Limited Partner I LLC; HPA Holdco Limited Partner I LLC's sole member is Home Partners Holdings LLC; and that Home Partners Holdings LLC's sole member is BCORE Canyon Parent LLC. (*See id.* at 1-2.) Similarly, they state that OPVHHJV's sole member is Home Partners of America LLC; Home Partners of America LLC's sole member is HPA Holdco LLC; HPA Holdco LLC's members are Home Partners Holdings LLC and HPA Holdco Limited Partner I LLC; HPA Holdco Limited Partner I LLC's sole member is Home Partners Holdings LLC; and that Home Partners Holdings LLC's sole member is BCORE Canyon Parent LLC. (*See id.* at 2-3.)

court's jurisdiction."). To be very clear: Defendants must identify all of the members/owners of BCORE Canyon Parent LLC. *Johnson*, 437 F.3d at 899. They must then establish the citizenship of all of those members/owners. *Id.* If any of those members/owners are themselves corporate entities, Defendants must repeat this process again, over and over, as many times as is necessary to properly establish subject matter jurisdiction, and using the appropriate test for corporate citizenship at every step of the way. At no point does LLC corporate citizenship depend on state of incorporation, principal place of business, or any other test. Rather, it depends on the citizenship of the owners and members. *Id.*

Accordingly, the court again ORDERS Defendants to show cause why subject matter jurisdiction exists in this action. If Defendants fail to provide the court with the information described above within fifteen (15) days of the date of this order, the court will remand this case.

Dated this 7th day of December, 2021.

JAMES L. ROBART
United States District Judge